May Term,
1844.

RITCHEY
v.
THE STATE.

---

RITCHEY *v.* THE STATE.

7b 168
135 577

An indictment for arson should allege the value of the property destroyed.

It should also allege that the property burned or set on fire belonged to the person in actual possession in his own right.

*Monday,*
*June 17.*

ERROR to the *Perry* Circuit Court.

DEWEY, J.—This was a prosecution for arson. The indictment contains two counts. One count charges the defendant, *Ritchey*, with burning the store-house of the American Canal Coal Company ; in the other count, the store-house is alleged to belong to *Thomas Boyd*, and to be occupied by him. Neither count states the value of the store-house. Plea, not guilty. Verdict of guilty, and sentence accordingly. A motion in arrest of judgment was overruled, as was also a motion for a new trial.

May Term, 1844.

The objection urged against the indictment is, that it does not state the value of the property destroyed.

In *England*, there is no need of making such an averment in the indictment, and it is usually omitted in the forms. But, in *England*, the extent of the punishment for arson does not at all depend upon the value of the property consumed or injured. In this state it is otherwise. In addition to imprisonment in the penitentiary, the guilty person is liable to a fine not exceeding double the value of the property destroyed. And this Court has decided that an indictment for a malicious trespass, which, in principle, is not to be distinguished from this case, was bad for not laying the amount of damages done to the owner of the injured property. *The State* v. *Peden*, 2 Blackf. 371. See, also, *Commonwealth* v. *Smith et al.* 1 Mass. R. 245.

It is contended by the plaintiff in error, that the evidence did not sustain either count in the indictment in respect to the ownership or possession of the store-house therein named. This point it is now unnecessary to investigate. Arson is an offence against possession ; and the indictment should aver the property burned, or set on fire, to belong to the person or persons in the actual possession in his or their own right.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the indictment set aside. Cause remanded with instructions to the Circuit Court to quash the indictment, and to retain the prisoner in custody to answer another indictment for the same offence.

*C. I. Battell, C. Fletcher,* and *O. Butler,* for the plaintiff.
*A. A. Hammond* and *S. Major,* for the state.