## WOLF *v.* THE STATE.

CRIMINAL LAW.—*Arson.*—*Indictment.*—An indictment for arson which charged the defendant with setting fire to " the barn of one Laura Wolf" was not liable to the objection that it did not sufficiently allege that the barn was in the actual possession of the person named, in her own right.

From the Hamilton Circuit Court.

*D. Moss* and *T. J. Kane,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

DOWNEY, C. J.—This was a prosecution against the appellant for arson, which resulted in a conviction and sentence of the defendant to the state prison, etc.

Two questions are presented and argued in this court:

1. As to the sufficiency of the indictment.

2. As to the sufficiency of the evidence to sustain the conviction.

The charging part of the indictment reads as follows:

"That Jacob H. Wolf, late of said county, on," etc., "at," etc., "did then and there unlawfully, feloniously, wilfully and maliciously set fire to the barn of one Laura Wolf, then and there situate, which barn was then and there of the value of two hundred dollars, whereby said barn was entirely consumed by said fire; contrary," etc. It is urged by counsel for the appellant that the indictment does not sufficiently allege that the barn was in the actual possession of the party named, in her own right, and *Ritchey* v. *The State*, 7 Blackf. 168, is cited in support of the objection. We think the indictment is not liable to the objection urged. The case cited does not sustain the position that this indictment is defective. The court committed no error in overruling the motion to quash the indictment.

The evidence is voluminous and altogether circumstantial. We have read it carefully in consultation and are of the opinion that we cannot reverse the judgment on the second ground.

The judgment is affirmed, with costs.