Garrett v. The State.

Filed Feb. 15, 1887.

---

13,442.

## GARRETT *v.* THE STATE.

CRIMINAL LAW.— *Arson.* — *Indictment.* — *Occupancy of Dwelling.* — In an indictment for arson, it is unnecessary to charge who was the occupant of the dwelling-house alleged to have been destroyed.

SAME.—*Husband and Wife.*—If a man unlawfully, feloniously, wilfully and maliciously sets fire to and burns the dwelling-house of his wife, wherein she permits him to live with her as her husband, he is guilty of arson, though he may have furnished the money to build the house.

SAME.— *Weight of Evidence.*—The Supreme Court will not disturb a verdict in a criminal case, on the sufficiency or weight of the evidence, where there is not an absolute failure of evidence on some material point.

INSTRUCTIONS TO JURY.—*Presumption on Appeal.*—*Practice.*—Where the court below erred in refusing to give to the jury instructions asked, but the record does not show that it contains all of the instructions given, it will be presumed on appeal, in aid of the judgment, that the law of the instructions refused had been given by the court of its own motion.

From the Henry Circuit Court.

*J. M. Brown* and *R. Warner*, for appellant.

*L. T. Michener*, Attorney General, *G. W. Duncan*, Prose-cuting Attorney, and *J. H. Gillett*, for the State.

Howk, J.—The indictment in this case charged, "that William Garrett, on the 25th day of June, 1886, at Henry county, in the State of Indiana, did then and there unlawfully, feloniously, wilfully and maliciously set fire to and burn a certain dwelling-house, then and there situate, of the value of one thousand dollars, then and there being the property of another person, to wit, Hannah Garrett, and did then and there, and thereby, unlawfully, feloniously, wilfully and maliciously, burn and destroy said property, to the damage thereof in the sum of one thousand dollars, contrary to the form of the statute," etc.

Upon his arraignment, appellant filed his written plea or answer herein, in two paragraphs, in substance as follows: 1. That he was not guilty, as charged in the indictment; and 2. For a further and special answer, he averred that at the time of the commission of the alleged offence, charged in the indictment, he was of unsound mind.

To this second paragraph, the State replied by a general denial. The issues joined were tried by a jury, and a verdict was returned, finding appellant guilty as charged in the indictment, and assessing his punishment at confinement in the State's prison for the term of five years, and a fine in the sum of one dollar. Over his motion for a new trial, the court rendered judgment against him on the verdict.

Errors are assigned here by the appellant, which call in question (1) the overruling of his motion to quash the indictment, (2) the overruling of his motion for a new trial, and (3) the sufficiency of the facts stated in the indictment to constitute a public offence. Only one objection to the indictment, or to the sufficiency of the facts stated therein to constitute a public offence, has been pointed out by appellant's counsel, in their brief of this cause; and that is, that

the indictment ought to have shown, by proper averment, who was the actual occupant of the dwelling-house burned. The crime for which appellant was indicted, and of which he was convicted, is defined and its punishment prescribed in section 1927, R. S. 1881. So far as applicable to the case in hand, this section provides as follows: "Whoever wilfully and maliciously burns or attempts to burn any dwelling-house or other building, finished or unfinished, occupied or unoccupied, whether the building be used or intended for a dwelling-house or for any other purpose; * * * the property so burned being of the value of twenty dollars or upwards, and being the property of another, * * * is guilty of arson, and, upon conviction thereof, shall be imprisoned in the State prison not more than twenty-one years nor less than one year, and fined not exceeding double the value of the property destroyed."

It is manifest from this statutory definition of the offence charged against the appellant, that the question of the occupancy of the dwelling-house, burned and destroyed, was an immaterial question, and that it was, therefore, wholly unnecessary to charge in the indictment who was the occupant of such dwelling-house. It was necessary, however, under the statute, that the indictment should show, as it did, that the dwelling-house burned was the property of another person than the defendant, and should give, as it did, the name of such other person. *Ritchey* v. *State*, 7 Blackf. 168; *Wolf* v. *State*, 53 Ind. 30. In the case under consideration, it was averred in the indictment, as we have seen, that the dwelling-house burned by appellant, as charged, was "the property of another person, to wit, Hannah Garrett."

On the trial of this cause, it was shown by the evidence that Hannah Garrett, the person named in the indictment as the owner of the dwelling-house burned, was the wife of the appellant, William H. Garrett, and that he and his wife, Hannah, occupied, used and dwelt in such house, as their

habitation and dwelling-house. Upon this evidence and the facts shown thereby, appellant's counsel have predicated what they denominate as "the main question in this case," namely: Under our statute, the substance of which we have heretofore quoted, was the appellant guilty of arson, in setting fire to and burning, as he did, the dwelling-house, as charged in the indictment? At common law, arson is an offence against the possession, and, under that law, appellant could not be guilty of arson, in setting fire to and burning the dwelling-house while he was in lawful possession thereof, without reference or regard to the ownership of such property. *McNeal* v. *Woods,* 3 Blackf. 485; *State* v. *Wolfenberger,* 20 Ind. 242; 3 Greenl. Ev., sections 53 and 54, and notes.

In *Snyder* v. *People,* 26 Mich. 106, a case similar in many respects to the case we are now considering, it was held by the Supreme Court of Michigan, that arson is an offence against the habitation, and regards the possession rather than the property; and that a husband, living with his wife and having a rightful possession, jointly with her, of a dwelling-house which she owns and they both occupy, is not guilty of arson in burning such dwelling-house. It was further held by the same learned court, in the same case, that the statutes of the State of Michigan, for the protection of the rights of married women, had not changed the marital unity of husband and wife; nor had they changed the common law rule as to arson, where the burning is by the husband of the house of the wife, occupied by both as a dwelling or residence; that such burning would not be arson at common law, nor was it the burning of the dwelling-house of another, contemplated by the statute of Michigan, defining the offence of arson.

Appellant's counsel chiefly rely upon the doctrine of the case last cited for the reversal of the judgment, in the case under consideration. We are of opinion, however, that it can not be correctly said that our statutes, for the protection

of the rights of married women, have made no change in the marital unity of husband and wife, as at common law, in so far, at least, as the separate property of the wife is concerned. Thus, in section 5117, R. S. 1881, in force since September 19th, 1881, it is provided as follows: "A married woman may take, acquire, and hold property, real or personal, by conveyance, gift, devise, or descent, or by purchase with her separate means or money ; and the same, together with all the rents, issues, income, and profits thereof, shall be and remain her own separate property, and under her own control, the same as if she were unmarried."

Of course, these statutory provisions are, to some extent, in derogation of the common law, and must be construed strictly ; but, in so far as they are inconsistent with the common law and the marital unity of husband and wife recognized therein, they must be regarded as the law of this State. This is settled by our decisions. *Haas* v. *Shaw*, 91 Ind. 384 (46 Am. R. 607) ; *Frazer* v. *Clifford*, 94 Ind. 482 ; *Dodge* v. *Kinzy*, 101 Ind. 102 ; *Barnett* v. *Harshbarger*, 105 Ind. 410.

Under these statutory provisions, declaring that the property of a married woman "shall be and remain her own separate property, and under her own control, the same as if she were unmarried," it must be held, we think, as we now hold, that the dwelling-house of Hannah Garrett, mentioned in the indictment, though occupied by her and her husband, the appellant, as a dwelling or residence, was the property of another person than the appellant, within the contemplation of our statute defining the offence of arson.

It will be readily seen from an examination of section 1927, *supra*, that arson as defined in our statute is a different offence, in many respects, from arson at the common law. Arson as defined in our statute is an offence against the property, as well as the possession ; and the question of occupancy or non-occupancy, habitation or non-habitation, of or in the property, as we have seen, becomes and is an immaterial question,

in view of the statutory definition of the offence. It is the law of this State, we think, that if a man unlawfully, feloniously, wilfully and maliciously sets fire to and burns the dwelling-house of his wife, wherein she permits him to live with her as her husband, he is guilty of the crime of arson, as such crime is defined in our statute.

It is claimed that the trial court erred in excluding certain evidence offered by appellant, tending to prove that he had furnished certain money to pay for building the house. There was no available error, we think, in the exclusion of this offered evidence. Even if he had furnished all the money to build the house, it became and was the property of his wife; and, in setting fire to and burning such house, he was guilty of arson.

Appellant's counsel also complain of the court's refusal to give the jury certain instructions at their request. In their brief of this cause, counsel show very clearly, as it seems to us, that the trial court gave the jury, of its own motion and in its own language, the law of the instructions asked for by them and refused. Besides this, it is not shown by the record that it contained all of the court's instructions to the jury; and in such case, if it appeared that the court erred in its refusal to give any instruction, we would be bound to presume in aid of the judgment, that the law of such instruction had been given to the jury by the court of its own motion. *Fitzgerald* v. *Jerolaman*, 10 Ind. 338; *Myers* v. *Murphy*, 60 Ind. 282; *Stott* v. *Smith*, 70 Ind. 298.

Finally, appellant's counsel question in argument the sufficiency of the evidence to sustain the verdict. It is not claimed that there is an absolute failure of evidence, on any material point, to sustain the verdict; and it has been approved by the trial court. In such case, we can not disturb the verdict, even in a criminal cause, upon the weight or sufficiency of the evidence. *Hudson* v. *State*, 107 Ind. 372, and cases there cited.

We have found no error in the record which requires the reversal of the judgment.

The judgment is affirmed, with costs.

