Harrell *v.* Harrell.

Filed Jan. 24, 1889.

---

No. 13,529.

## Harrell *v.* Harrell.

Married Woman.—*Liability to Husband for Borrowed Money.*—Where a wife, possessing a large estate of her own, obtains money from her husband to be used in and for the benefit of her separate business, and expressly promises to repay it, the husband has an equitable claim for repayment which he may enforce by suit.

From the Rush Circuit Court.

*C. Cambern, T. J. Newkirk* and *W. A. Cullen,* for appellant.
*B. L. Smith, W. J. Henley, J. Q. Thomas* and *J. J. Spann,* for appellee.

Elliott, C. J.—The appellee alleges in his complaint that his wife, the appellant, possessed at the time of their marriage an estate of the value of $27,000, and that his estate was of the value of $20,000; that she was then conducting on her own account the business of farming and stock raising; that, for use in her separate business, she obtained from

the appellee $2,000, which she expressly promised to repay; that the money was necessary for the use of the appellant in her separate business, and was obtained to prevent actions from being brought against her.

The complaint states a cause of action investing the husband with a right to sue.

Under our statute, a married woman may contract as a *feme sole*, except in such cases as are forbidden. R. S. 1881. Section 5115 declares that "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." Section 5117 provides that she may, in her own name, as if she were unmarried, make any contracts with reference to her personal estate; and section 5130 declares that she may carry on any business on her sole and separate account. She is forbidden to convey or mortgage her real estate, and she is prohibited from becoming a surety, but these are the only express restraints upon her right to contract. There is no reason why she may not borrow money from her husband to enable her to conduct her separate business, or prevent the sacrifice of her property. If she does voluntarily borrow from him under an express contract, and there is neither fraud nor oppression nor any injustice, no valid reason exists why she should not be compelled to repay him, for he is her creditor.

The relationship between the parties does, however, exert an important influence upon the contracts of the wife. It is, doubtless, incumbent on the husband to show an express contract and its consideration, as well as good faith and voluntary action. We very much doubt whether he could recover without alleging and proving the express contract and its consideration, in any case; certainly he could not recover money placed in the hands of his wife without showing the purpose for which she obtained it, and an express promise to repay it. There yet remains, notwithstanding the sweeping language of the statute, some limitations upon the rights and liabilities of married women, and the old theory of the com-

mon law that the *baron* and *feme* constituted, in legal contemplation, one person, is not entirely overthrown. *Barnett* v. *Harshbarger*, 105 Ind. 410. It is, however, broken upon so much as to permit husband and wife to deal with each other concerning personal property.

Where there is full consideration yielded by the husband, entire good faith, an express contract, and the money is received by the wife for the benefit of her separate estate, and to prevent injury to that estate or loss to the wife, the courts can not do otherwise than uphold the claim of which the contract forms an element.

As held in *Cupp* v. *Campbell*, 103 Ind. 213, and other cases, a third person contracting with a married woman must show that the debt was contracted by the wife as her debt, and where the person with whom she contracts is her husband, this rule must be extended, for the husband must show not only an express contract, but, also, that in equity and good conscience he is entitled to enforce his claim. The contract is not valid in the sense that it can be enforced strictly as a contract. *Barnett* v. *Harshbarger, supra.* This is so, because, in strict law, the husband can not recover solely upon a contract made with his wife, since the theory of the unity of person still exists. But while the husband can not enforce the contract, as contracts between other parties than husband and wife may be enforced, still, the express contract may constitute an essential element of an equitable claim that the courts will enforce. We suppose that a husband can not maintain an action for damages against his wife for a breach of contract, but he may recover upon a claim which is shown to be equitable and just. Where he lends her money upon an express contract, fair and equitable in all its parts, he has a claim to be repaid the money, which courts of conscience will respect. Upon him, however, rests the burden of showing a claim that equity and good conscience will enforce as just and reasonable. An express contract is an essential element in such a case as this, for money advanced to the wife

is presumed to be advanced to her in virtue of her marital rights, and not upon the theory that it is money which she is bound to repay. To overcome this presumption it is necessary for the husband to show an express contract as a constituent element of his equitable claim. It may well be doubted whether, in any case, there can be such a thing as an implied contract between husband and wife, making the wife a debtor of the husband; but there may be an express contract, which, taken in connection with other facts, may give the husband an equitable claim which the courts will enforce. It is, however, the equitable claim, and not the naked contract, which evokes assistance from the courts.

The complaint before us pleads facts constituting an equitable claim, and the trial court did right in overruling the demurrer.

Judgment affirmed.

Filed Jan. 24, 1889.