Filed October 31, 1895.

No. 17,709.

## Jordan v. The State.

CRIMINAL LAW.—*Arson.—Indictment.—Description of Property.*—An averment in an indictment for arson, describing the property burned as a certain mill-house "of" persons named, sufficiently describes the property as a building and as belonging to the persons named, under section 2000, R. S. 1894, providing that whoever willfully and maliciously burns any dwelling-house or other building being the property of another, is guilty of arson.

WITNESS.—*Injured Person.—Arson.—Part Owner of Building.*—A part owner of the building burned is a party injured by the offense of arson, within the meaning of sections 1865–1867, R. S. 1894, providing that a person injured by the offense committed shall be a competent witness.

SAME.—*Husband and Wife.—Arson.—Party Injured.*—A husband or wife may testify in criminal prosecutions against the other, when he or she is "the party injured by the offense committed," whether the evidence involves communications between them or not, under the civil code, providing that the husband and wife shall be incompetent to testify as to communications made to each other, and sections 1865–1867, R. S. 1894, providing that the rules governing the competency of witnesses in civil cases shall govern in criminal cases except as otherwise provided, and that a party injured by the offense committed shall be a competent witness.

From the Knox Circuit Court.

*H. Burns* and *J. S. Pritchett*, for appellant.

*W. A. Ketcham,* Attorney-General, *J. T. Goodman,* Prosecuting Attorney, *W. A. Cullop* and *C. B. Kessinger,* for State.

HACKNEY, J.—By indictment the appellant was charged with having "unlawfully, feloniously, willfully and maliciously set fire to and burned a certain flouring, grist and corn mill-house of Samuel A. Jordan, Aaron G. Jordan and Winfield S. Lane," etc. A motion to quash the indictment was overruled and, upon a trial by jury, the appellant was found guilty as charged. The only assigned errors of the trial court are in overruling the motion to quash the indictment and in overruling a motion for a new trial. It is contended that the indictment was insufficient in failing to charge the burning of a *building* and in failing to charge that such building was the *property* of another. The statute defining the crime of arson provides that "Whoever willfully and maliciously burns, or attempts to burn, any dwelling house or other building * * * being the property of another * * * is guilty of arson." "Mill-house" has no meaning not implying a building. By the ordinary use of the word "house" it is understood to mean a building, and when taken in connection with the words "flouring," "grist," "mill," etc., it is capable of but one meaning. This has been very clearly decided in a case similar to the present, see *Ford* v. *State,* 112 Ind. 373.

The charge that it was the "mill-house of Samuel A. Jordan," etc., sufficiently charged that such mill-house was the property of those named. This exact question was decided against the views of the appellant in *Wolf* v. *State,* 53 Ind. 30.

The two objections to the indictment thus stated could not have been passed upon in any other manner in view

of the statutory provisions that "The words used in an indictment * * must be construed, in their usual acceptation, in common language," (R. S. 1894, section 1805,) and that an indictment * * is sufficient if "the offense charged is stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case." (R. S. 1894, section 1824.)

·The next question, arising upon the motion for a new trial, is the alleged error of the court in permitting · Aaron G. Jordan, the husband of the appellant, to testify as a witness on behalf of the appellee that, prior to the burning of the mill, the appellant had declared to him her intention to burn the mill, and that after its destruction she had told him that she did burn it. The objections made at the trial and repeated in this court are that such communications from the wife to the husband are privileged, and that he was, therefore, an incompetent witness as to such communications.

By the civil code (R. S. 1894, sections 504, 505), all persons, except those specifically exempted, are made competent witnesses in civil actions. Of those specifically declared incompetent are "Husband and wife, as to communications made to each other." By the criminal procedure act, R. S. 1894, sections 1865–1867, it is provided that "The rules of evidence prescribed in civil cases and concerning the competency of witnesses shall govern in criminal cases, except as otherwise provided in this act." It is further provided that "The following persons shall be competent witnesses : * * *

* * * Second. The party injured by the offense committed." There can be little doubt, we think, that the effect of these various provisions is that, with reference to criminal procedure, the "Husband and wife, as to communications made to each other," are incompe-

tent witnesses except that if either is "The party injured by the offense committed" he or she is a competent witness. Such was the holding of this court in *Doolittle* v. *State*, 93 Ind. 272. Appellant's learned counsel concede that this is the effect of these provisions, but they seek to limit the application of the phrase, "The party injured by the offense committed," so far as it includes husband and wife, to such injuries as result from the personal violence of either upon the other. This insistence is upon the theory that at common law the wife was competent to testify against her husband and the husband against the wife only in cases involving the personal safety or liberty of either; that the rule of the common law should be so sacredly upheld, in the interest of the marriage relation, that a legislative intention to abridge that rule must be clearly and explicitly stated before the courts will give it recognition. This intention, it is urged, is not apparent from the statutory provisions above quoted. This position was denied as early as the case of *Hutchason* v. *State*, 67 Ind. 449, where the wife was permitted to testify to the acts of the husband in the commission of the arson there charged. It was held that "The legislative intent is so apparent, and the language of the statute so explicit, that no room exists for construction or doubt," and that such intent was to make the wife competent as to everything excepting "communications."

In *Doolittle* v. *State*, *supra*, it was expressly held that the phrase "The party injured by the offense committed," together with the context, created an exception to the rule of incompetency as to "communications." So we find that the adjudged meaning of our statutes is to admit either the husband or the wife to testify in criminal prosecutions against the other when he or she is "the party injured by the offense com-

mitted," whether the evidence involves communications or acts which are part of the *res gestœ.*

It is further. claimed by appellant's counsel that the husband was not "the party injured by the offense committed," since the offense was in destroying property, and that, too, in which he was but an owner in common. with others.   To this proposition is cited *Bassett* v. *United States,* 137 U. S. 496, a case where the husband was prosecuted for bigamy, and it was held that, under the statute of Utah, the wife could not testify to the husband's confessions of guilt, made to her, for the reason that, while the offense was one of disloyalty to the marital relation, and a deep humiliation to the wife, it was, nevertheless, but a crime against the relation, and not against the wife.   There the statute, considered as excluding husband and wife as witnesses, contained an exception as "to criminal action, or proceeding, for a crime committed by one against the other." This provision, however, was in the civil code, and, as will be observed, was negative in form.   There the criminal code contained the following provision : "Witnesses, competent in civil actions, are competent also in criminal proceedings, "Except with the consent of both, or in cases of criminal violence upon one by the other, neither husband nor wife are competent witnesses for or against each other, in a criminal action or proceeding, to which one or both are parties." Utah, 2 R. S. 1888, p. 743.   It will thus be seen that the negative exception of the civil code was construed as granting no right to the wife to testify in a criminal prosecution against her husband, when the criminal code expressly excluded her as such witness.   So far, therefore, from constituting an authority in favor of appellant's contention, we think it has no bearing upon the question.   Our statute very

Jordan *v.* The State.

plainly makes the husband or wife a competent witness where he or she is "the party injured by the offense committed." The word "injured," as employed, must be construed in its plain, ordinary and usual sense. R. S. 1894, section 240. It is not to be limited to personal or physical injuries, but, in its plain, ordinary and usual sense, it signifies: the privation of a legal right; a wrong; a tort. Anderson Dictionary of Law: "Injury means, in general, any wrong or damage done to a man's person, rights, reputation or goods." 11 Am. & Eng. Ency. of Law, p. 1, note 1. In *People* v. *Howard*, 17 Cal. 64, one of the statutes in review provided that "the party or parties injured shall, in all cases, be competent witnesses," and the court, speaking by Mr. Justice Field, said: "By 'injured party' is meant the person who is the immediate and direct sufferer from the offense committed." The husband was an injured party, and to hold that his competency must turn upon, and be defeated by, the fact that others were likewise injured by the arson, would be unduly technical and narrow.

Objection is further made that the evidence did not support the verdict. In this, we think, counsel are in error. There was evidence reasonably supporting the verdict in every material element of the charge.

Finding no error in the judgment of the circuit court, the same is affirmed.

Filed October 31, 1895.