Filed May 5, 1896.

---

No. 1,973.

FOURTHMAN, EXECUTOR, v. FOURTHMAN.

HUSBAND AND WIFE.—*Statute of Limitations.*—The statute of limitations does not run against a married woman, as affecting a note due to her from her husband, during the time of her marriage to and cohabitation with her said husband, and such period is to be excluded from calculation, in determining whether or not the claim is barred.

EVIDENCE.—*Sufficiency Of.*—An assignment of error, seeking to present the sufficiency of evidence, and the correctness of the amount

of the recovery, authorizes the court to determine, from the evidence, whether there is any which fairly supports the verdict for the sum allowed.

From the Spencer Circuit Court.

*H. Kramer, F. A. Heming, Jr.*, and *W. L. May*, for appellant.

*E. M. Swan*, for appellee.

GAVIN, C. J.—Appellee recovered judgment against appellant for moneys due her from his testator, her husband, and for the $500.00 allowed her by law.

As to the moneys due from the deceased husband, the statute of limitations constitutes the defense relied on. The question we are called upon to determine is this: Before marriage the wife loaned the husband money, taking his note therefor. Afterwards and before the notes were barred by the statute, but subsequent to their maturity, the parties were married and lived together as husband and wife until his death. By this time the period of limitation fixed by the statute had long since expired. Did the statute run against her during the marriage? If not, the claim is enforcible, otherwise it is not.

Under our statute, prior to the revision of 1881, coverture, like infancy, constituted a legal disability. The statute of limitations, however, began to run whenever the cause of action accrued, whether the party was under legal disability or not; but by virtue of express provision of the statute, to him who was under disability, when the cause of action accrued, two years were allowed within which to bring the action, after its removal. *King* v. *Carmichael*, 136 Ind. 20; *Herff* v. *Griggs*, 121 Ind. 471; 2, R. S. 1876, p. 126, section 215; R. S. 1881, section 296 (R. S. 1894, section 297).

Since the code of 1881, married women have not

been included in the statutory definition of "persons under legal disabilities," and it has been settled that a married woman is no longer to be regarded as under legal disabilities in the sense in which that phrase is used in the saving clause of the statute, which gives such persons two years additional within which to bring their actions. *Rosa* v. *Prather*, 103 Ind. 191; *City of Indianapolis* v. *Patterson*, 112 Ind. 344; *Sedwick* v. *Ritter*, 128 Ind. 209.

It is also true that even had she continued under the statutory disability, appellee would not have been brought within the saving clause by reason of her marriage, because she was not covert when the debt matured.

Appellee's rights then are clearly not preserved by virtue of any exception in the statute. If her rights are to be saved, it must be by reason of the special and peculiar relationship existing between the parties—that of husband and wife.

Appellant's learned counsel insist that, under our married women's enabling act, the legal unity of husband and wife has become an exploded fiction, to which resort may not be had to preserve that which would otherwise be lost.

Our decisions, however, are to the contrary, and establish the law to be, in this State, that this unity of husband and wife does continue for some purposes; although equity will take cognizance of some of their business dealing with each other, and compel each to do that which is fair and right. *Barnett* v. *Harshbarger*, 105 Ind. 410; *Harrell* v. *Harrell*, 117 Ind. 94; *Comstock* v. *Coon*, 135 Ind. 640.

Both the Supreme Court and this court have decided that the statute of limitations does not run as between husband and wife. *Barnett* v. *Harshbarger*,

*supra; Dice* v. *Irvin,* 110 Ind. 561; *Parrett, Admr.,* v. *Palmer, Admr.,* 8 Ind. App. 356.

The question is very fully and ably discussed by Judge Elliott in the Barnett case, and the conclusion is there reached that although the enabling acts have removed the principal portion of a married woman's disabilities, yet the law still recognizes that the husband and wife are for some purposes one, and that it is not in harmony with the spirit of our institutions to require the unity of the family to be disturbed and its concord to be marred, by compelling the spouse to assert her rights against her consort in a court of law or else be debarred by lapse of time from recovering her own.

This holding is in accord with the views announced in other jurisdictions. *Alpaugh* v. *Wilson* (N. J.), 28 Atl. Rep. 722; *Second Nat'l Bank* v. *Merrill, etc., Works* (Wis.), 50 N. W. Rep. 505; *Burnham* v. *Mc-Michael* (Tex. Civ. App.), 26 S. W. Rep. 887.

The New Jersey and Wisconsin decisions cited refer to and approve the Barnett case, while the Wisconsin case is similiar to this in hand, in that the debt accrued before the marriage.

There is nothing in *Kennedy* v. *Warnica,* 136 Ind. 161, to authorize us to hold that the Supreme Court intended to overrule the decisions to which we have referred. Evidently the matters herein decided and herein involved were not, in the Warnica case, presented to the court nor passed upon by it.

Our conclusion is that the statute of limitations did not run against appellee, during the time of her marriage to and cohabitation with her husband, and such period is to be excluded from calculation in determining whether or not the claim is barred.

Counsel question the correctness of the jury's al-

lowance of appellee's $500.00 claim. The jury was, by the court, directed to find, as to this, in her favor. The giving of this instruction is not assigned as a cause for new trial. The only reasons for a new trial are those which seek to present the sufficiency of the evidence and the correctness of the amount of the recovery. These only authorize us to determine, from the entire evidence, whether there is any evidence which fairly supports the verdict for the sum allowed, $699.00. *Huber* v. *Beck*, 6 Ind. App. 484. We are of opinion that this sum might have been properly allowed, even though the $500.00 claim had been rejected.

Judgment affirmed.

REINHARD, J., did not participate.

Filed May 5, 1896.