## GOSNELL v. JONES, ADMINISTRATOR.

[No. 18,599. Filed Mar. 29, 1899. Rehearing denied June 16, 1899.]

MARRIAGE.—*Extinguishment of Debts.*—*Husband and Wife.*—A husband cannot maintain an action against his wife's estate for an indebtedness created before their marriage. *p. 639.*

HUSBAND AND WIFE.—*Advancement to Wife.*—It will be presumed, in the absence of evidence, that payments made by the husband upon the debts of his wife were made as an advancement to her by virtue of her marital rights, and she is not bound to repay the same. *pp. 639, 640.*

SAME.—*Principal and Agent.*—*Recovery of Money Expended in Management of Wife's Estate.*—*Burden of Proof.*—In order to sustain a claim by a husband against his wife's estate for money used by him in payment of her debts and other expenses incident to the management of her estate, the burden rests upon the husband of proving that he used his own money. *p. 640.*

From the Montgomery Circuit Court. *Affirmed.*

*M. E. Clodfelter* and *H. N. Fine,* for appellant.

*Harney & Harney* and *Burton & Jones,* for appellee.

MONKS, C. J.—Appellant filed a claim against the estate of his deceased wife, of whose estate appellee was the administrator. The claim was for money paid out and advanced by appellant to pay her debts at her special instance and request, and for goods, wares, and merchandise sold and delivered to her. An allowance of $4,000 was demanded. The cause was tried by a jury, and a verdict returned in favor of appellee, and over a motion for a new trial, judgment was

rendered against appellant. The only error assigned calls in question the action of the court in overruling the motion for a new trial.

The only causes assigned for a new trial which are urged as grounds for reversal are; (1) The court erred in giving instructions one and two at the request of appellee, and in giving each of them; (2) the evidence is not sufficient to sustain the verdict.

It is stated in appellant's brief that it is shown by the evidence that Helen M. Stegner, a widow, and appellant were married Februray 5, 1895, and lived together as husband and wife until her death, which occurred July 29, 1896. Before her marriage to appellant, Mrs. Stegner, through appellant acting as her agent, purchased several tracts of real estate, and assumed certain mortgages thereon. From the time of the purchase of said real estate, appellant acted as her agent, looked after the making of improvements, the payment of the mortgages assumed by her, and other matters incident to the management thereof, and paid the persons for making said improvements, and also paid said mortgages and interest. The greater part of said payments were made before her marriage to appellant. It is evident, under the facts stated, that any and all indebtedness of Mrs. Stegner to appellant at the time of their marriage was discharged thereby, and that after said marriage he could not maintain an action therefor against her. Schouler Dom. Rel. section 73. This results from the rules of the common law, which, in this respect, have not been changed by statute. *Long* v. *Kinney*, 49 Ind. 235. See, also, *Henneger* v. *Lomas*, 145 Ind. 287, 289, 291, 32 L. R. A. 848, and authorities cited; *Barnett* v. *Harshbarger*, 105 Ind. 410.

The first instruction given at the request of appellee was in regard to the alleged indebtedness of his wife to him at the time of their marriage, and it is not necessary, therefore, to consider the same, even if erroneous, for the reason that it was harmless. As to the payments made by the appellant af-

ter his marriage on the debts of his wife, the presumption is, even if he paid said debts with his own money, that he paid the same upon said indebtedness as an advancement to her in virtue of her marital rights, and she is not bound to repay the same. *Harrell* v. *Harrell*, 117 Ind. 94. It was held in the case last cited that the husband, if he lends money to his wife, or pays her debts under an express contract that she will repay the same, may recover therefor in a court of equity, if he shows that such contract is just and equitable. The burden of proof, however, in such a case rests upon the husband.

The second instruction given at the request of appellee was in harmony with these principles, and was not, therefore, erroneous. There is no evidence in this case of an express contract on the part of appellant with his wife, concerning the payment of her indebtedness, neither is the evidence sufficient to rebut the presumption that the money paid by appellant on the debts of his wife, even if his own money, was an advancement to her. Moreover, appellant acted as the agent of Mrs. Stegner, both before and after his marriage to her, in the purchase of real estate, and in the looking after and making improvements thereon, in the payment of mortgages thereon, and other matters incident to the management thereof. This agency commenced before his marriage, and continued until her death. The payments for which appellant seeks to recover were made during this period by him as her agent. Under such circumstances there is no presumption that such payments were made with his own money. The burden was upon him to show by the evidence that he made the payments with his own money, and this has not been done.

It follows from what we have said that there was no evidence to establish an essential element of appellants case, and that the court did not err, therefore, in overruling his motion for a new trial. Judgment affirmed.