## SCROGIN, ADMINISTRATOR *v.* DICKISON.

[No. 8,949.  Filed December 15, 1914.]

1. HUSBAND AND WIFE.—*Transactions Between.—Separate Property of Wife.—Presumptions.*—Transactions between husband and wife are presumably influenced by the peculiar relations of trust and confidence existing between them, and where the husband has taken possession and has assumed the management and control of the money and other property of the wife, it will be presumed that the same continues to be her separate property and that his holding is that of a trustee for her use and benefit, requiring him to account unless he is able to overcome such presumption by proof showing a gift to him or that he acquired the property through some transaction which was in all respects fair and equitable. p. 355.

2. HUSBAND AND WIFE. — *Transactions Between.—Investment of Wife's Money.—Liability of Husband.—Evidence.*—In an administrator's action against the husband of the decedent to recover money alleged to have been obtained from decedent under circumstances making him liable as a trustee, evidence showing that such money was invested by defendant, together with money of his own, in a home for himself and decedent, and that the title to the same was taken in himself and decedent as tenants by entireties with the consent of decedent after having had the effect of such title explained to her, can not be said to show a liability against defendant, and was sufficient to sustain a finding in his favor. p. 355.

3. APPEAL.—*Review.—Admission of Evidence.*—In an administrator's action against the husband of decedent to recover money alleged to have been obtained from decedent and invested in real

estate under circumstances making him liable as a trustee, the court did not err in admitting the testimony of the agent of certain heirs from whom the land was purchased, to the effect that decedent fully understood the transaction and was not overreached, since no question of the contract with such heirs was involved so as to render the witness incompetent under §523 Burns 1914, §500 R. S. 1881. p. 356.

From Probate Court of Marion County (794) ; *Frank B. Ross,* Judge.

Action by Robert H. Scrogin, as administrator of the estate of Rhoda Dickison, deceased, against Irvin Dickison. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*L. Russel Newgent* and *William T. Quillin,* for appellant. *Franklin McCray* and *Alfred R. Hovey,* for appellee.

LAIRY, J.—This action was brought by appellant as administrator of the estate of Rhoda Dickison against appellee to recover the sum of $1,000. It appears from the record that Rhoda Dickison in her lifetime was the wife of Irvin Dickison and that, at the time they were married, she had some money which had been derived from the settlement of insurance on the life of her former husband. After she and Dickison were married they acquired title to a piece of real estate in Indianapolis for a consideration of $1,200 of which the wife furnished $1,000, and the conveyance was made to them jointly as tenants by entireties. Rhoda Dickison died in 1913 leaving Susie Bruner an only child by her former marriage as her sole lineal descendant.

Each of the paragraphs of complaint upon which the case was tried seeks to recover the $1,000 of the separate estate of the wife which was invested in this real estate upon the theory that the husband thus obtained possession of so much of his wife's money by means of the fiduciary relation existing between them and that he is chargeable with the amount so obtained as a trustee. The case was tried by the

court and there was a finding and a judgment in favor of appellee. The only error properly assigned on appeal is that the court erred in overruling appellant's motion for a new trial.

Transactions between husband and wife are presumably influenced by the peculiar relations of trust and confidence existing between them. The presumption is that the 1. money and other property of the wife constituting her separate estate continues to belong to her as her separate property even after the husband has taken possession of the same and has assumed its management and control. In such cases the law presumes that he holds it in good faith for her use and benefit as a trustee, and that he must account for the same to her or to her estate, unless he is able to overcome such presumption by proof of facts showing a gift to him or that it came into his possession through some transaction which was in all respects fair and equitable. *Hileman v. Hileman* (1882), 85 Ind. 1; *Parrett* v. *Palmer* (1893), 8 Ind. App. 356, 35 N. E. 713, 52 Am. St. 479; *Denny* v. *Denny* (1890), 123 Ind. 240, 23 N. E. 519.

In this case it is asserted by appellant that the evidence makes a *prima facie* case against the husband by showing without dispute that during coverture he came into 2. possession of $1,000 of money belonging to his wife for which he has never accounted. It is further claimed that there is no evidence to rebut the *prima facie* case thus made out and that hence the finding of the court is unsupported by evidence. The court is of the opinion that the evidence fails to show that this money was appropriated by the husband to his individual use or benefit. With the consent of the wife it was used with some money furnished by the husband to buy a piece of real estate which was used and occupied by him and his wife as a home, the title to which was taken by them as tenants by entireties. Under such a deed the wife acquired title to the

entire estate in the land as did also the husband. Neither of them held a moiety in the house and lot so purchased but each held *per tout et non per my*, and the survivor would take the entire estate, not by descent, but by virtue of the conveyance by which the title was vested in them as tenants by entireties. *Sharp* v. *Baker* (1912), 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44. From this transaction it can not be said that this money came into the possession of the husband or that it was applied by him to his individual use and benefit in such a sense as to make him a trustee for the benefit of his wife. On the other hand, if it be conceded that a *prima facie* case was made by the plaintiff below, there is evidence from which the court could have found that the wife was not overreached or improperly influenced, but that she made exactly the arrangement which she desired. Andrew J. Bailey testified that he acted as agent of the McKinney heirs in negotiating the sale of the real estate to appellee and that he was appointed as commissioner to make the deed. He further testified that Rhoda Dickison was present when the deed was made; and that he asked them how they wanted the deed made and was told by appellee to make a joint deed. The witness then testified as follows: ''Mrs. Dickison said, 'What is meant by a joint deed?' I said, 'If you make a joint deed to both of you and he dies first, you get the property, and if you die first, he gets the property absolutely.' They said that was all right, that was the way they wanted it. She said that was the way she wanted it.'' There was sufficient evidence to sustain the finding. The witness Bailey was not disqualified as a witness under

3. the provisions of §523 Burns 1914, §500 R. S. 1881. The contract involved in this action was not the contract for the sale of the land in which Mr. Bailey acted as agent for the McKinney heirs, but it was the contract between appellee and his wife concerning the manner in which the land should be paid for and the form of the deed by which it was to be conveyed. Mr. Bailey did not act as an agent in

NOVEMBER TERM, 1914.　　357

Carson, etc., Co. *v.* Cleveland, etc., R. Co.—57 Ind. App. 357.

making this contract. The witness was competent and the court properly admitted his testimony.

Judgment affirmed.

NOTE.—Reported in 107 N. E. 86. As to when a resulting trust arises in favor of husband or wife, one or the other being the trustee, see 127 Am. St. 252. See, also, under (1) 21 Cyc. 1293; (2) 21 Cyc. 1431, 1572; (3) 40 Cyc. 2285.