HINTON *v.* DRAGOO, AUDITOR OF DELAWARE COUNTY, ET AL.

[No. 11,186. Filed February 14, 1922.]

1. HUSBAND AND WIFE.—*Contracts with Husband.—Validity.— Statutes.*—In view of §7851 Burns 1914, §5115 R. S. 1881, removing legal disabilities of married women to make contracts, and §7853 Burns 1914, §5117 R. S. 1881, giving to married women the right to acquire and hold property, and to dispose of it, etc., a married woman may loan money to her husband and his agreement with her to repay it is enforceable. p. 567.

2. LIMITATION OF ACTIONS.—*Loan by Wife to Husband.—Running of Statute of Limitations.*—Where a wife makes a loan to her husband, the statute of limitations will not run against her, so as to bar the enforcement of his promise to repay, during the time of her marriage and cohabitation with him. p. 568.

3. TAXATION.—*Property Subject to Taxation.—Money Loaned by a Wife to her Husband.*—In view of §7851 Burns 1914, §5115 R. S. 1881, removing legal disabilities of married women to make contracts, and §7853 Burns 1914, §5117 R. S. 1881, giving to married women the right to acquire and hold property, and to dispose of it, etc., loans of money made by a wife to her husband constitute personal property assessable for taxation. p. 568.

4. APPEAL.—*Review.*—*Finding of Trial Court.*—*Conclusiveness.* —In a proceeding to declare void an assessment of tax on money loaned by a wife to her husband and collected by her from his estate, a finding supported by sufficient evidence that the husband was the wife's debtor, and not a trustee, is conclusive on appeal. p. 569.

5. TAXATION.—*Money Loaned to Purchase Realty.*—*Assessment of Tax against Lender and Owner of Realty.*—*Validity.*— Where money loaned is used to purchase realty, the payment of a tax on the realty by the owner and on the money loaned by the lender is not double taxation, as the realty constitutes one species of taxable property, and the indebtedness due the lender another. p. 569.

6. TAXATION.—*Omitted Property.*—*Placing on Tax Duplicate.* —*Law Governing.*—*Statutes.*—Under §10139w7 Burns' Supp. 1921, Acts 1919 p. 198, §204, authorizing county auditors to correct tax duplicates in their hands by adding omitted property thereto for any number of years, the assessment of a a tax on money loaned in 1885 is valid, notwithstanding the law in force at that time that assessments for omitted property could be made only for the current year. p. 569.

From Delaware Circuit Court; *W. A. Thompson,* Judge.

Proceedings in the matter of the tax assessment against Lucetta Hinton by James P. Dragoo, auditor of Delaware county and others. From a judgment of the circuit court sustaining the tax assessment, Hinton appeals. *Affirmed.*

*Francis A. Shaw,* for appellant.
*F. Clayton Mansfield,* for appellees.

BATMAN, P. J.—On September 15, 1919, the auditor of Delaware county, Indiana, added certain amounts to the tax duplicate thereof, as the valuation of property belonging to appellant, not assessed for taxation for a period of thirty-four successive years, beginning with the year 1885, and charged her on said duplicate with the sum of $1,883.56, as the taxes on such property for said years. An appeal was taken from this assessment to the Delaware Circuit Court, where judgment was

rendered sustaining the same.   Appellant filed a motion
for a new trial, which was overruled, and this appeal
followed.   On the trial in the circuit court it was agreed
in substance, that appellant and one Joseph Hinton were
married in 1865, and lived together as husband and wife
in Delaware county, Indiana, continuously, until the
death of the former in 1917, and that appellant has con-
tinued to live therein since the death of her husband;
that subsequent to appellant's said marriage there be-
came due her from the estate of her father the sum of
$2,800, which was paid to her said husband direct, with
her knowledge and consent, instead of to herself; that
of said amount $2,000 was so paid on or prior to Sep-
tember 12, 1885, and the remainder thereof was so paid
on or about February 9, 1891; that the said Joseph Hin-
ton never paid appellant said amount or any part thereof,
or any interest thereon, but retained the same until his
death; that subsequent to the death of her said husband,
appellant filed a claim against his estate for said sum
and accrued interest, and on March 25, 1918, recovered
judgment thereon for $8,077.73, and appellant there-
after received full payment thereof; that no property
was ever assessed to appellant for taxation, prior to
the death of her said husband, except a house and lot
in the town of Gaston and another in the town of
Matthews, nor did she pay taxes on any other property
prior to said time; that appellant, after the death of her
said husband and prior to January 1, 1919, was never
assessed for taxation with any personal property, and
never paid any taxes thereon during said time; that
prior to said date, appellant was never assessed in her
own name on any item of indebtedness due her from her
said husband, and never at any time, prior to March
25, 1919, paid any taxes on any such item of indebted-
ness;   that   on   and   prior   to   March,   1883,   and
continuously thereafter to the date of his death, said

Joseph Hinton was the owner of real and personal property in said county, consisting in part of more than 160 acres of valuable land; that during each and every year from 1883 to 1917, said real and personal property was assessed for taxation in said county in his name, and all the taxes so assessed were fully paid by him; that appellant never received from her said husband any note or other written evidence of any indebtedness due her from him by reason of his receipt of said moneys, nor did she at any time during his life demand the payment of the same from him; that on September 15, 1919, the auditor of said county placed on the tax duplicate thereof, in the name of appellant, as personal property omitted from the tax duplicates, the sum of $2,000 for the years 1885 to 1890 inclusive, and the sum of $2,800 for the years 1891 to 1918, inclusive; that said auditor made a calculation of the taxes due on said omitted property for said years and found that they amounted to $1,883.56, which sum he charged against appellant on said duplicate; that all notices required by law for placing omitted property on tax duplicates were duly given to appellant. An agreement was also made as to the rate of taxation for all purposes in the township of said county in which appellant resided during all of said years. In addition to said agreement, there was substantial evidence tending to show that appellant alleged in the claim, which she filed against her deceased husband's estate for said $2,800 and accrued interest, that she had loaned said sum to her husband, and that he had agreed to repay the same to her. The finding, on which the court based its judgment in favor of appellant by reason of her said claim, was introduced in evidence. It reads in part as follows: "That on and prior to the 12th day of February, 1885, this claimant loaned to Joseph Hinton, the decedent, $2,000.00 and at the time and continuously thereafter until the death of said

decedent, claimant and said decedent were husband and wife, that at the time of said loan said decedent promised and agreed to pay interest thereon at 6% and that said claimant is entitled to recover of and from said estate said sum of $2,000.00 with interest thereon at the rate of 6% from the 12th day of February, 1885, to the date of this judgment. The court further finds that on the 9th day of February, 1891, claimant loaned to said decedent the further sum of $800.00 and at the time of said loan said decedent agreed to pay the principal of said loan to said claimant with interest thereon at the rate of 6%, and that said claimant is entitled to recover of and from said estate said further sum of $800.00 and interest from the said 9th day of February, 1891, to the date of this judgment." The evidence further shows that the money due appellant from her father's estate never passed through her hands, but was received by her husband, who always attended to her business; that he used the money so received in paying for land owned by him, and for making improvements thereon.

Appellant contends that the decision of the court is not sustained by sufficient evidence, and is contrary to law. She bases this contention on the ground that the receipt and retention of the money, which was due from her father's estate, by her husband, under the circumstances shown by the evidence, when taken in connection with the fact that her husband used the same in paying for certain land owned by him, and in making improvements thereon, on which he paid all taxes to the time of his death, shows that the assessment in question was erroneously made. As pertinent to this contention it should be borne in mind, that continuously since 1881 there have been in force in this state statutes, which provide as follows: "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise

provided." §7851 Burns 1914, §5115 R. S. 1881. "A married woman may take, acquire and hold property, real or personal, by conveyance, gift, devise or descent, or by purchase with her separate means or money; and the same, together with all the rents, issues, income and profits thereof, shall be and remain her own separate property, and under her own control, the same as if she were unmarried. And she may, in her own name, as if she were unmarried, at any time during coverture, sell, barter, exchange and convey her personal property; and she may also, in like manner, make any contracts with reference to the same; * * *." §7853 Burns 1914, §5117 R. S. 1881. No limitation is placed on the right of a married woman to make contracts with her husband regarding her personal property. She may therefore loan money to him the same as to a stranger, and his agreement with her to repay it is enforceable. *Leimgruber* v. *Leimgruber* (1908), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593. Moreover if she makes such a loan, the statute of limitations will not run against her, so as to bar the enforcement of his promise to repay, during the time of her marriage and cohabitation with him. *Fourthman, Exr.,* v. *Fourthman* (1895), 15 Ind. App. 199, 43 N. E. 965. It should also be borne in mind that it has been the law of this state continuously since 1881, that "money loaned" constitutes personal property subject to taxation, although the language used to express such fact has not been uniform in all the statutes in that regard. With the law as stated, it is clearly our duty to sustain the decision of the trial court, as there is some evidence to show that the money in question was loaned by appellant to her husband. This being true, it constituted property which was assessable for taxation.

Appellant contends, however, that the transaction in question should be construed as creating a trust in her

favor, in which her husband would be merely a
4. trustee of the fund, and not her debtor. We are
aware that cases may be found in which it is held
that where a husband has taken possession of his wife's
separate estate, and has assumed its management, that
the law will presume that he holds it as a trustee for
her use and benefit, as stated in the case of *Scrogin* v.
*Dickison* (1914), 57 Ind. App. 353, 107 N. E. 86. But
we need not stop to consider what effect such a construc-
tion would have on the result of this appeal, as there
is sufficient evidence to support a contrary construction,
which the trial court evidently adopted, and by which
we are bound.

Appellant also contends that since the undisputed evi-
dence shows, that her husband used the money which
belonged to her, in paying for real estate owned
5. by him, and in making improvements thereon,
and that he paid all the taxes on said real estate
from the time he so used said money until his death in
1917, that she is relieved from taxation on said money
during such time; that to hold otherwise, and sustain
the assessment involved in this appeal, would result in
double taxation. We cannot concur in this contention.
In the eyes of the law, the real estate belonging to ap-
pellant's husband, together with the improvements
thereon, was one species of taxable property of one
owner, and the indebtedness which was due appellant
from her husband was another species of taxable prop-
erty of another owner. It follows as a matter of course,
that the payment of taxes on the former would in no
way affect the liability of the latter.

Appellant finally contends that prior to March 9,
1889, assessments of omitted property could be made
only for the current year, and therefore that the
6. assessments for the years 1885 to 1889 inclusive
were erroneously made, resulting in the amount

of the recovery being $218.40 too large.    This conten-
tion cannot be sustained.    On September 15, 1919, when
the assessments in question were made, a statute was
in force which contains the following provision: "When-
ever the county auditor shall discover or receive credible
information, or if he shall have reason to believe that
any real or personal property has, from any cause, been
omitted in whole or in part, in the assessment of any
*year or number of years*, from the assessment book or
from the tax duplicate, he shall proceed to correct the
tax duplicate, and add such property thereto, with the
proper valuation, and charge such property and the
owner thereof with the proper amount of taxes thereon;
to enable him to do which, he is invested with all the
powers of assessors under this act."    (Our italics.)
§10139w7 Burns' Supp. 1921, Acts 1919 p. 198, §204.
This statute expressly authorizes county auditors to cor-
rect tax duplicates in their hands, by adding omitted
property thereto for *any year or number of years*, and
on its face is conclusive against appellant's contention.
We are fully sustained in our conclusion by the deci-
sion in the case of *Saint* v. *Welsh* (1895), 141 Ind. 382,
40 N. E. 903, where a similar provision of a former stat-
ute was applied.    The decision of the court is not con-
trary to law.    There being no error shown, the judg-
ment is affirmed.