**STATE of Indiana, Plaintiff-Appellant,**

v.

**Marion Sue DIVELY a/k/a Marion Sue Hembd, Defendant-Appellee.**

**No. 1–981 A 291.**

Court of Appeals of Indiana, First District.

Feb. 23, 1982.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for defendant-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellee Marion Sue Hembd (appellee) was charged in the Vanderburgh Superior Court with the offense of burglary of her husband's property under Ind.Code 35–43–2–1 (Supp.1980). The State has perfected an interlocutory appeal from the trial court's action dismissing the charge.

We reverse.

## STATEMENT OF THE FACTS

Appellee was charged with breaking and entering with the intent to commit the felony, theft, at Chiado's Tavern in Evansville, operated and occupied by Bruce Hembd. The motion to dismiss, opposing affidavits, and the evidentiary hearing conducted by the trial court on the motion disclosed the following facts: That at the time of the alleged offense appellee was the wife of Bruce Hembd, that they were separated and an action for dissolution of marriage was pending. It was further shown that the tavern and its contents were the separate property of Bruce Hembd, and appellee had no interest therein. After appellee had been forbidden to enter the property, it had been broken into and a safe, containing approximately $4,400, and several bottles of whiskey were taken. The safe was later found abandoned in Poseyville with a hole burned through it, and the money had been removed.

## ISSUE

The sole issue presented for our review is whether there exists in Indiana an interspousal immunity from criminal prosecution for such offense merely because of the marital status.

## DISCUSSION AND DECISION

■ At common law it was a general rule that a husband and wife, living together as such, could not commit crimes against the property of the other for the reason that a husband and wife were treated as one person. Early statutes, presently codified under Ind.Code 31-1-9-1, et seq., sometimes known as the Married Woman's Act,[1] were enacted for the protection of the property rights of married women. Upon her emancipation, the disabilities of coverture were removed and a married woman generally was permitted: to make contracts, Ind.Code 31-1-9-1, to acquire, hold, sell and control property, Ind.Code 31-1-9-2, and to be liable for her own torts and contracts, Ind.

Code 31-1-9-4, all as if she were a *femme sole.* None of the disabilities formerly imposed by common law upon women have ever attached to married men, who were free to receive title to property and dispose of it after marriage. 15 I.L.E. *Husband and Wife* § 41 (1959).

The Supreme Court of Indiana, early on, made inroads into the unity doctrine. In *Garrett v. State,* (1886) 109 Ind. 527, 10 N.E. 570, under a statute defining arson as the burning of "the property of another," the court affirmed the conviction of a husband for arson of his wife's property while they were living together. The court stated:

"It is the law of this State, we think, that if a man unlawfully, feloniously, wilfully and maliciously sets fire to and burns the dwelling-house of his wife, wherein she permits him to live with her as her husband, he is guilty of the crime of arson, as such crime is defined in our statute."

109 Ind. at 532, 10 N.E.2d at 570.

The court based its decision, in part, on the Married Woman's Act which recognized that a wife's separate interest in property was protected by law. Further, a wife was considered "another," separate from the defendant, within the meaning of the arson statute. In *Jordan v. State,* (1895) 142 Ind. 422, 41 N.E. 817, the conviction of a wife of arson for burning the mill owned by her husband and others was affirmed. The rule in *Garrett* was followed in *Beasley v. State,* (1894) 138 Ind. 552, 38 N.E. 35, where the court held that a husband, while cohabiting with his wife, could be found guilty of larceny of her separate property. The court in *Beasley* stated that larceny, like arson, was an offense against property, and, under the Married Woman's Act, the wife's separate property could be the subject of theft by her husband just as in *Garrett,* where a wife's property could be subject to arson by her husband. *Beasley* was quoted with approval in *Butler v. Wolf Sussman, Inc.,* (1943) 221 Ind. 47, 46 N.E.2d 243,

1. 1923, Indiana Acts, Ch. 63; *See Memorial Hospital v. Diana Leslie Hahaj,* (1982) Ind.

App., 430 N.E.2d 412.

which was cited for the proposition that a husband could commit larceny of his wife's ring, stolen during cohabitation. These cases had the effect of drastically altering the unity theory and interspousal immunity for crimes existing at common law, as argued here by appellee.

A more recent blow to the unity theory was rendered by our Supreme Court, in *Brooks v. Robinson*, (1972) 259 Ind. 16, 284 N.E.2d 794, where it struck down interspousal immunity in tort. The court faced the argument that tort actions would tend to disrupt the peace and harmony of the marriage. Refering to the immunity doctrine as a "legal fiction," the court noted that the "persuasiveness of the common law doctrine of unity between husband and wife has dwindled considerably." In a review of the subject of interspousal actions, the Indiana Supreme Court stated:

> "The law in its present state permits a wife to bring an action of ejectment against her husband. See, *Crater v. Crater* (1889), 118 Ind. 521, 21 N.E. 290. Either spouse is permitted to enforce an agreement by the other spouse to repay monies borrowed. *Hinton v. Dragoo* (1922), 77 Ind.App. 563, 134 N.E. 212; *Harrell v. Harrell* (1889), 117 Ind. 94, 19 N.E. 621. A wife is permitted to maintain an action in partition against her husband. *Pavy v. Pavy* (1951) 121 Ind. App. 194, 98 N.E.2d 224."

259 Ind. at 20, 284 N.E.2d at 794.

We note that another common law doctrine relating to marriage was abolished by enactment of Ind.Code 35–42–4–1(b) (Supp. 1977), which recognizes rape of a wife by her husband if they are separated and a petition for dissolution of marriage is pending.

■ Analysis of the offense of burglary discloses that under Ind.Code 35–43–2–1 the offense is defined as breaking and entering the building or structure "of another person," with the intent to commit a felony. Ind.Code 35–41–1–2 (Supp.1977), in part, provides:

> "Property is that 'of another person' if the other person has a possessory or pro-

prietary interest in it, even if an accused person also has an interest in that property."

Burglary is a crime against the possessory interest as well as actual ownership. *Bradley v. State*, (1964) 244 Ind. 630, 195 N.E.2d 347; *Heiny v. State*, (1980) Ind.App., 405 N.E.2d 548. The State need only show that the property was a structure or building of a person other than defendant. *Cook v. State*, (1980) Ind.App., 403 N.E.2d 860.

Appellee counters the above authorities with the following arguments: (1) because, upon divorce, under Ind.Code 31–1–11.5–11 the court can divide marital property, it cannot really be known which spouse owns the property before a final decree; (2) a wife has an unrestricted right to enter her husband's real estate, and therefore cannot be guilty of burglary of her husband's property; (3) the Married Woman's Act was never intended to create criminal liability between spouses; and (4) the right of privacy precludes prosecution of one spouse for a crime against the property of another spouse. In her argument she cites authority predating *Garrett*, authorities from other jurisdictions, and she reargues the merits of *Jordon, Beasley* and *Garrett*.

■ We are of the opinion that no rational distinction can be made between *Jordon, Beasley* and *Garrett* and the case at bar, for all are offenses against a spouse's separate property. We are further of the opinion that those cases are good authority today. Our examination of Indiana Criminal Law and Procedure under Title 35 reveals that it was enacted by the legislature without any attempt to overrule the effect of *Jordon, Beasley* or *Garrett*. We further perceive that in enacting the sections on arson, burglary or theft, no substantial changes were made in these offenses. The legislature even maintained the phrase "of another person" as previously existed in the burglary statute. A rule of construction exists that where statutes which have been construed by a court of last resort are reenacted in substantially the same terms, the legislature may be deemed to intend the

same construction. *Boone v. Smith*, (1948) 225 Ind. 617, 77 N.E.2d 357.

The arguments made, especially regarding the inchoate property right of a wife in her husband's property upon dissolution or inheritance, which are heavily relied upon by appellee, were as available in *Jordon, Garrett* and *Beasley* as now. We are equally unimpressed that the criminal law should not intrude into the lives of married people where property rights are concerned. We note in the definitional sections of the Indiana criminal code and under Ind.Code 35–41–1–2 spouses are not excluded as victims. We conclude that the mere fact of conjugal status does not preclude a spouse as a matter of law from committing an offense, including burglary, against the separate property of his or her spouse. We do not believe that the mere existence of the marriage relationship puts a spouse's separate property beyond the protection of the law and subject to the depredation of the other spouse. We recognize that circumstances may exist in particular cases which, as a matter of fact, will prevent an entry by a spouse into the other spouse's separate property from amounting to a burglary because the act may be the result of express or implied permission.

For the above reasons this cause is reversed and the trial court is ordered to reinstate the charge of burglary.

Judgment reversed.

RATLIFF, P. J., and ROBERTSON, J., concur.