## THE STATE v. WOLFENBERGER.

ARSON.—The criminal law of this State on the subject of arson, in burning a dwelling house or barn, does not embrace the burning of an unfinished house or barn, in process of construction, which has never been actually occupied or used for the purposes for which it is being erected.

APPEAL from the *St. Joseph* Circuit Court.

PERKINS, J.—Indictment for arson. Acquittal of the defendant, not because he did not fire the buildings burned, but because they were not such that the burning of them constituted arson.

The buildings burned were in process of erection, to be used, one as a dwelling, the other as a barn, but were, at the time of burning, incomplete, and had never been used for the purposes for which they were being erected.

The statute upon the subject of arson is as follows:

"Every person who shall wilfully and maliciously set fire to the dwelling house, barn, stable, boat, water-craft, mill, mill house, distillery, manufactory, mechanic's or artificer's shop, store house building or room, occupied as a shop or office for professional business, or printing office of another, or any public bridge, court house, jail, market house, church or meeting house, school house, seminary or college edifice, or building thereto belonging, or other public building, or to any cord wood in piles or ricks, or stacks or shocks of grain or hay, or any fence or growing grain, of the value of twenty dollars; or to any house, shop, wood house, water station or other building connected with any railroad; or shall in like manner set fire to any bridge, or any part of the structure of any railroad, shall be deemed guilty of arson, and, upon conviction, be fined not exceeding double the value of the property destroyed, and be imprisoned in the State's prison not less than two nor more than ten years; and should the life

of any person be lost thereby, such offender shall be deemed guilty of murder, and suffer death, or imprisonment in the State prison during life." 2 G. & H. p. 445.

We have no common law crimes. Ours are all statutory, both in name and definition. *Marvin* v. *The State,* 19 Ind. R. p. 181.

The above statute does not, as do those of some of the States, in terms, include an unfinished structure. Can the Court, influenced by the rule that the penal laws must be strictly construed, extend the operation of the statute so as to embrace such? As applied to this case the statute reads:

"Every person who shall, &c., set fire to the dwelling house or barn of another," &c.

We think this language means the dwelling house and barn that are, or have been, actually occupied by another, for the uses specified. See 3 Greenleaf's Ev., p. 52, sec. 51.

*Per Curiam.*—The judgment is affirmed.

*Oscar B. Hord*, Attorney General, for the State.

——————, for the appellee.