## Case No. 7,770.

In re KIMBALL et al.

[16 N. B. R. 188.] [1]

District Court. W. D. Michigan. Sept. 8, 1877.

BANKRUPTCY — INVOLUNTARY — DELAY IN FILING PETITION— ASSIGNMENT FOR BENEFIT OF CREDITORS — DELIVERY OF SCHEDULES IN ASSIGNMENT.

1. Delivery of schedules is not necessary to the validity of an assignment for the benefit of creditors.

2. A delay of more than three months in filing the petition in bankruptcy after the execution and delivery of an assignment for the benefit of creditors. will deprive the assignee in bankruptcy of the right to the possession of the property assigned.

[In the matter of Kimball, Austin & Co., bankrupts.]

Case made by the common law assignee and the assignee in bankruptcy as to the right to possession of assets.

Dallas Boudeman, for common law assignee.

Mr. Mason, for assignee in bankruptcy.

WITHEY, District Judge. On the 31st of March last the bankrupts made a common law

[1] [Reprinted by permission.]

assignment to F. W. Curtenius, for the benefit of creditors, which was on the same day accepted. Schedules were referred to in the instrument to be thereafter delivered, but were not completed and delivered until April 20th. July 11th a petition in bankruptcy was filed, on which the firm were adjudicated bankrupts. C. H. Booth was elected assignee and to him was transferred by the register the assets of the bankrupts. As assignee in bankruptcy Booth demanded of Curtenius the property claimed by the latter under the voluntary assignment. The parties have made a case for the opinion of the court, and counsel have been heard.

But two questions are presented: 1. Were the schedules necessary to the validity of the assignment to Curtenius at the time it was delivered? We answer in the negative. There is no claim but that the deed of assignment to Curtenius was made in good faith for the purposes expressed in it. It is not denied but that the intention is manifested in the instrument that it should take immediate effect and cover all the property of the assignors not exempt by law. Under such a condition of facts the absence of the schedules would not defeat the deed taking effect presently. Such has been held to be the law in this and several states. In Hollister v. Loud, 2 Mich. 309, at page 322, the court says: "The property vested on the delivery of the deed, whether the schedules were perfected or not." In Nye v. Van Husan, 6 Mich. 329, it was held that a schedule detailing at large the property conveyed was not necessary to the validity of an assignment. The deed of the assignment in that case in general terms conveyed all the assignor's property "of every name and nature whatever as the same is more particularly described in the schedule proposed to be hereafter annexed to this instrument." It was held that the instrument manifested an intention that it should presently operate—and that it did take effect on delivery notwithstanding schedules were not annexed. See, also, out of many cases: 15 Conn. 152; 21 Me. 245; 17 N. Y. 478; 26 Ind. 242; 6 Iowa, 61.

2. Did the delay of three months and more in filing the petition in bankruptcy, after the execution and delivery of the voluntary assignment to Curtenius, deprive the assignee in bankruptcy of a right to the possession of the property so assigned? This question is answered in the affirmative. In the absence of the bankrupt act [of 1867 (14 Stat. 517)] it is, as we understand, conceded that the deed of assignment to Curtenius would be valid. It certainly would be unless fraudulent upon some ground not suggested by the facts presented to the court. The bankrupt act declares all transfers by an insolvent debtor made within certain periods next prior to commencement of proceedings in bankruptcy against him void, in certain cases. As to assignments for the benefit of creditors generally, by insolvents, the period was six

months under the law prior to the amendment of 1874 [18 Stat. 178], and three months as the law now is. That is, if the proceeding in bankruptcy was commenced within six months after a voluntary assignment by the debtor, under the law previous to June 22, 1874, or within three months since the amendment of that date, the assignee in bankruptcy could avoid the voluntary assignment and possess himself of the bankrupt's assets so transferred. There has been some conflict in the decisions whether assignments voluntarily made by a debtor for the benefit of creditors generally, were opposed to the bankrupt act, but in this circuit the late Mr. Circuit Judge Emmons, in Globe Ins. Co. v. Cleveland Ins. Co. [Case No. 5,486], held that such assignments, if made within the period limited by the bankrupt law of six months, were opposed to the policy of the act and void as against the assignee in bankruptcy. If, however, the voluntary assignment is made more than six months under the former statute, or three months under the amendment of 1874, there is no reason why the voluntary assignment will not vest in the assignee under it the property transferred, and effectually defeat all claims upon it by the assignee in bankruptcy. Three months is by the amendment of 1874 substituted for six months in the original act. As to the six months clause, as it stood prior to June 22d, 1874, the supreme court, in Mayer v. Hillman, 91 U. S. 496, held a voluntary assignment by an insolvent debtor, made more than six months prior to filing the petition, valid against the claims of an assignee in bankruptcy. The same rule applies to the time of three months as now limited. The assignment by Kimball, Austin & Co. to Curtenius was more than three months anterior to the proceedings in bankruptcy against them, and therefore vested title in Curtenius as assignee for the benefit of creditors. The assignee in bankruptcy has no more right to the property thus assigned than to any other property sold by the bankrupts more than three months before the filing of the petition in this court against them. A decree will be entered in accordance with the views expressed.