# Peinhardt *v.* The State.

### *Arson.*

#### (Decided May 24, 1909.   49 South. 831.)

1. *Arson; Nature of Offense.*—Arson, both at common law, as well as under the statute, defining arson in the first degree, is an offense against the possession rather than the property.

2. *Same; Definition.*—Arson is the malicious burning of another's house, and by another's house, is meant another's to occupy.

3. *Same; Indictment; Sufficiency.*—To make an indictment for arson good under section 6301, Code 1907, which created a new statutory offense, the allegations must show that it was defendant's house in conjunction with the statutory circumstances, and is insufficient if it fails to do so.

4. *Same; Variance.*—Where the charge was that the storehouse was that was burned was that of one S., adjoining a dwelling house of R., in which there was a human being, and the proof showed that the storehouse was occupied by defendant and one L. as tenants with S., there was a variance between the offense charged and that proven.

5. *Same; Surplusage.*—The allegation as to the ownership of the dwelling house adjoining the store burned was surplusage, and did not serve to alter the nature of the indictment as charging the offense defined by sections 6295.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Alvin Peinhardt was convicted of arson, and appeals. Reversed and remanded, with directions to hold accused to answer new indictment.

The indictment was as follows, omitting the formal parts: "Alvin Peinhardt willfully set fire to or burned a storehouse of Max Schmidt, which said storehouse adjoined the dwelling house of Al Richter, and at the time of the said setting fire to or burning said storehouse there was a human being in the dwelling house of Al Richter, which was adjoining said storehouse. (2) Alvin Peinhardt willfully set fire to or burned a storehouse of Max Schmidt, which was adjoining the dwelling house of Al

Richter, and there was at the time in such dwelling house a human being—against the peace and dignity," etc. The proof showed that the defendant and one Lessman were in occupancy of the building alleged to have been burn-ed, under a lease contract with the owner, and that the lease did not expire until some time after the fire.

The following charges were requested by the defend-ant, and refused: "(1) "The court charges the jury that if they believe from the evidence in this case that the de-fendant and one August Lessman were in the actual occupancy of the premises alleged to have been set on fire, at the time of the fire, under a lease or rental contract, and had the right to remain in the possession until the 1st of March after the fire, then they must find the defendant not guilty." (3) "The court charges the jury that in the offense of arson like the one in this case, the person in actual possession of the premises at the time of the alleged burning is considered in law the owner, and to successfully maintain this prosecution the ownership should have been laid in the indictment in this case in the party or parties in actual possession of the burned premises at the time of the burning; and if the indictment alleges the ownership in another, and they believe from the evidence that the person who is alleged as owner in said indictment was not in the ac-tual possession of said premises at the time of the burn-ing, then the verdict must be for the defendant."

GEORGE H. PARKER, and W. W. CALLAHAN, for appel-lant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney-General, and THO-MAS W. MARTIN, Assistant Attorney-General, for the State.—The bill of exceptions shows that the motion to quash the indictment came too late, and was properly

overruled.—*Williams v. The State,* 81 Ala. 1; *Bell v. The State,* 115 Ala. 25. It was permissible to show the value of the stock of goods, as tending to show motive.— *Winslow v. The State,* 76 Ala. 42. Charge 2 was properly given.—103 Ala. 78. Charges 3 and 4 were proper. —*Prater v. The State,* 107 Ala. 27. Charge 4 was correct.—*Pelham v. The State,* 89 Ala. 28. Charge 1 was proper.—*Welch v. The State,* 96 Ala. 92; *Winter v. The State,* 123 Ala. 1; *Coleman v. The State,* 59 Ala. 52. Charges 1 and 3 were properly refused to the defendant. —Sec. 6301, Code 1907. Charge 2 was properly refused. —*Bowen v. The State,* 140 Ala. 65. Charge 4 was properly refused.—*Willis v. The State,* 134 Ala. 429.

SAYRE, J.—Arson at the common law, as well as under the statute of this state defining arson in the first degree as it existed prior to the enactment of section 6301 of the Code of 1907, was an offense against the possession rather than the property.—*State v. Young,* 139 Ala. 136, 36 South. 19, 101 Am. St. Rep. 21. As Mr. Bishop states it, arson is an offense against the security of the habitation and is defined as the malicious burning of another's house, so that by "another's house," in the definition, is meant another's to occupy. Bishop's Cr. Law, § 12.

The indictment followed with substantial compliance the form prescribed by the Code for indictments under section 6295, Code 1907, § 7161, form 8. The introduction of the allegation, not required by the form, that the dwelling house adjoining the storehouse burned was the dwelling house of Al Richter, while imposing on the state an additional burden of proof, did not operate to impair the validity of the indictment, nor suffice to bring the offense charged within the category of the crime denounced by section 6301. The provision of section

6295, which makes arson in the first degree of the willful burning of any house adjoining an inhabited dwelling house, discloses no purpose to change the common-law principle referred to above. That principle pervades the provision in question, as well as the rest of the statute; the effect of the provision being to raise the grade of the offense of burning a house other than a dwelling house to arson in the first degree by reason of the circumstance that it adjoins the inhabited dwelling house of another. Section 6301, however, makes arson of that which was not arson before and thus creates a new offense.

As a result of the common-law principle adverted to in the beginning, and of the further principle that one cannot commit an offense under a statute except in the circumstances it specifies, it is stated that an indictment for arson, when framed under a statute for burning one's own house, meaning a house occupied by the defendant, must show that it was the defendant's house, in conjunction with the statutory circumstances.—2 Bishop's Cr. Proc. § 36. It appeared at the trial without dispute that the defendant was at the time of the burning occupying the storehouse burned as a tenant of the owner. It results that there was a variance, and that special charges 1 and 3, and the general charge, requested by the defendant, should have been given.

For the error pointed out, the judgment of the trial court is reversed, and the cause is remanded, with directions that the appellant be held to answer any new indictment which may be preferred against him.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MCCLELLAN, JJ., concur.