# Williams *v.* The State.

## *Arson.*

(Decided Feb. 6, 1912.   Rehearing denied May 14, 1912.
58 South. 925.)

1. *Arson; Elements; Ownership of Property.*—At common law
neither the husband nor the wife could be convicted of arson for
willfully setting fire to or burning the property of the other, nor
could a tenant occupying the property under lease be convicted of
arson of the property of which the fee was in the landlord, the of-
fense being regarded as one against the possession rather than the
property.

2. *Same; Evidence; Corpus Delicti.*—Where the prosecution was
for arson the facts that the accused, who lived some distance from
the city where the burnt property was located, was seen two or
three days before the fire driving about near such city with an al-
leged accomplice, that on that occasion he called for and obtained
a vacancy permit from the agent of the insurance company that had
insured the property, that the residence was vacant, and that short-
ly after his arrest he asked the officer making the arrest if the ac-
complice had made an affidavit connecting him with the offense,
were admissible as tending to connect accused with the corpus de-
licti, and as tending to corroborate the testimony of the accomplice.

3. *Indictment and Information; Arson; Sufficiency.*—Section
6301, Code 1907, did not create a new offense, but merely took away
the defense theretofore available in trials for arson where the prop-
erty was burned by a husband or wife, or by a tenant lawfully in
possession; hence, an indictment in Code form charging the will-
fully setting fire to or burning an uninhabited dwelling house be-
longing to another, was sufficient to sustain a conviction on proof
that the owner of the house burned was the defendant's wife.

4. *Evidence; Best and Secondary.*—The existence of a policy of
insurance on the destroyed property and the fact that it was issued
to defendant's wife were collateral matters about which the agent
of the insurance company issuing the policy was competent to tes-
tify without accounting for the absence of the policy.

5. *Same; Confessions; Voluntary.*—Where the facts and circum-
stances under which confessions were made affirmatively show that
there were no improper influences proceeding from the person to
whom they were made, or from any other person, or from the sur-
rounding circumstances, the confessions were prima facie volun-
tary, and admissible although their voluntary character was not
shown by an examination voir dire.

6. *Charge of Court; Corroborative Evidence.*—Where there was
some evidence tending to corroborate the testimony of the alleged
accomplice, and tending to connect the defendant with the corpus
delicti, it was proper to refuse a charge asserting that if the jury
should find from all the evidence as a matter of law that there was

no such corroborative evidence, they should acquit, since, although the jury might have disbelieved the corroborative evidence, they could not say, as a matter of law, that there was no such evidence.

7. *Witnesses; Cross Examination; Defendant.*—Where defendant voluntarily becomes a witness in his own behalf, the state is entitled on cross examining him, to examine him concerning his prior alleged confessions, whether they were shown to have been voluntary or not.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Jim Williams was convicted of arson, and he appeals. Affirmed.

For questions certified to the Supreme Court and answered in this case, see 176 Ala., 58 South. 921.

KNOX, ACKER, DIXON & STERNE, for appellant. The ownership must be alleged and must be proven as laid in an indictment for arson.—*Marker v. The State,* 26 Ala. 72; *Graham v. The State,* 40 Ala. 659; *Smoke v. The State,* 87 Ala. 143; *Thomas v. The State,* 116 Ala. 461. It is not arson when the owner burns his own house.— *Sullivan v. The State,* 5 Stew. 175. Or for the husband to burn the wife's house.—*Rex v. March,* 1 Moody, C. C. 182; *Snider v. People,* 26 Mich. 106. Nor for a tenant to burn a house occupied by him, although the property of the landlord.—*State v. Young,* 139 Ala. 136. It is an offense against the possession, and it is proper to charge that the property destroyed is the property of the person who had the actual possession.—*Adams v. The State,* 62 Ala. 197; *Davis v. The State,* 52 Ala. 357. On these authorities it must be held that the indictment was subject to the demurrers interposed.—*Clark v. The State,* 19 Ala. 552; *Bellinger v. The State,* 92 Ala. 86.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no objection to the indictment, and hence the defect, if there was any, was waived.—*Wills v. The State,*

88 Ala. 239; *Welch v. The State,* 96 Ala. 92; *Thomas v. The State,* 150 Ala. 31. The offense is against the possession, and hence, it was not necessary to prove that the fee resided in the alleged owner of the property burned.—*Davis v. The State,* 52 Ala. 357; *Adams v. The State,* 62 Ala. 177; *May v. The State,* 85 Ala. 14; *Hannagan v. The State,* 131 Ala. 29. Charge 2 referred a question of law to the jury, as does charge 4.

DE GRAFFENRIED, J.—At common law neither the husband nor the wife could be convicted of arson for willfully setting fire to or burning the property of the other. One of the essential elements of arson is that the offense shall be committed for the purpose of injuring or defrauding the party in possession of the property at the time of the commission of the offense. As the husband and wife, in contemplation of law, are one—the wife being under the protection of the husband, feme covert—the common law declared that, "to constitute the offense, there should be an intent to injure or defraud some third person," and the husband and wife, being identified with each other as *one* person, were therefore, by virtue of their peculiar status to each other, held by the common-law judges as unable to commit the offense, the one against the other.—*Rex v. Elizabeth March,* 1 Moody, C. C. 182.

As arson is an offense against the *possession* rather than property, it was also held that a tenant in possession and occupancy of a house under a lease could not be guilty of arson in willfully setting fire to or burning such house while in such possession and occupancy under the lease.—*State v. Young,* 139 Ala. 136, 36 South. 19, 101 Am. St. Rep. 21.

To correct the mischiefs arising from the doctrines above stated, the Legislature, in adopting our present Code, provided that "any person who willfully sets fire

to or burns the property of his wife or her husband, or of his landlord, without the express consent of the owner to burn such property, shall be guilty of arson in the same manner and to the *same degree,* and shall be punished in the same manner and in the same degree as if the relation of husband and wife or landlord and tenant did not exist."—Section 6301, Code of 1907.

By adopting the above section, the Legislature simply destroyed a defense which certain persons, prior to its adoption, were, under the law, authorized to make to indictments charging them with the crime of arson. The section creates no new offense. It simply declares that the party charged with such crime shall not be acquitted because such party was, at the time of the alleged offense, the husband, the wife, or tenant of the party whose property was willfully set fire to or burned, unless the act was done with the express consent of the owner of the property.

In other words, the above section has, in a prosecution for arson, rendered the fact that the defendant was, at the time of the alleged offense, the husband, the wife, or the tenant of the party named in the indictment as the owner of the property, irrelevant and incompetent as evidence unless it is accompanied by evidence tending to show that the wrong alleged to have been committed was done with the express consent of the owner of the property. By adopting said section the Legislature brought the husband, the wife, and the tenant of the owner of the property willfully set fire to or burned within the direct operation of sections 6295, 6296, and 6299 of the Code.—*State v. Law Lamar, Jr.,* 58 South., present term.

As the Code prescribes forms of indictments for arson in its three degrees, and as the indictment in this case charges, in the exact language of the form prescribed by

the Code, the defendant with arson in the second degree, the indictment is sufficient and meets all the requirements of the law.—*Coleman v. State*, 150 Ala. 64, 43 South. 715.

2. It has been many times decided that the declarations of a party in possession of property, explanatory of his possession, are competent evidence, and the rule is general that declarations made against the interest of the party making them are also competent evidence.—*Holman v. Clark*, 148 Ala. 291, 41 South. 765.

In this case there was evidence, introduced by the state when offering its testimony in chief, that, while the defendant was in possession of the residence when it was burned, his possession was the possession of his wife. One of the witnesses for the state testified that he had insured the property for $1,000 "for Mrs. J. E. Williams," and that three or four days before the residence was destroyed the defendant came to him and obtained a vacancy permit on said premises for the purpose of keeping the insurance policy alive while the residence was unoccupied. In addition to the above, the witness, Gus Hubbard, testified that the defendant, a few days before it was burned, in speaking of the residence, "said it was his, in his wife's, made out in his wife's name, but it was insured." The jury were therefore authorized to infer that the residence belonged to the defendant's wife, and that her name was "Mrs. J. E. Williams," as alleged in the indictment.

It is a familiar rule that, whenever there is any legal evidence in a case tending to establish the existence of a controverted fact, the question becomes one for the determination of the jury.—*Stephens v. State*, 1 Ala. App. 159, 55 South. 940.

3. The existence of the policy and the fact that it was issued to Mrs. J. E. Williams were mere collateral mat-

ters about which the witness B. H. Denman, who issued the policy, was competent to testify without accounting for the absence of the policy. If he knew those facts, he had a right to testify to them.—*First National Bank v. Lippman,* 129 Ala. 608, 30 South. 19.

4. The fact that the defendant, who, at the time of the commission of the alleged offense, lived at Ensley, some distance from Jacksonville, where the residence which was burned was situated, was, only two or three days before it was destroyed by fire, driving about near Jacksonville with his alleged accomplice; that on that particular occasion he called upon and obtained from the agent of the insurance company a permit to allow the residence to remain vacant; the fact that the residence was vacant, and was therefore producing no income; and the fact that, shortly after defendant's arrest, he asked the officer making the arrest if the alleged accomplice had made an affidavit against him connecting him with the alleged offense—were all matters corroborative of the testimony of the alleged accomplice, and they possessed some tendency to connect the defendant with the commission of the corpus delicti.

It is true that the defendant offered explanations as to all these matters, but it was for the jury to say what, if any, weight or credit they would give to such explanations.—*Ross v. State,* 74 Ala. 532.

The court did not err in refusing to give to the jury the general affirmative charge asked in writing by the defendant in his behalf.—*Stephens v. State, supra.*

The court, as above stated, properly held that there was *some* evidence corroborative of the testimony of the alleged accomplice and tending to connect the defendant with the commission of the corpus delicti. The jury had a right to *disbelieve* all such corroborative evidence, and, on that account, acquit the defendant. They had

no right, however, as matter of *law,* to say that there was *no* such evidence. Charge 4, which was requested by the defendant in writing, is certainly subject to the construction that if the jury should find from all the evidence, as mater of law, that there was no such corroborative evidence, then they should acquit the defendant. For this reason the charge was, to say the least, misleading, and a trial court cannot be put in error for refusing to give a charge which tends to mislead the jury.—*Hill v. State,* 156 Ala. 3, 46 South. 864; *Atlanta & Birmingham A. L. Ry. Co. v. Wheeler,* 154 Ala. 530, 46 South. 262.

6. In the case of *Washington v. State,* 106 Ala. 58, 17 South. 546, the Supreme Court says: "Confessions to be admissible must be voluntary, and that they were voluntary must appear. This is usually shown by an examination voir dire as to promises and threats, etc. Where, however, the facts and circumstances under which they were made affirmatively show that there were no improper influences proceeding from the person to whom they were made, or from any other person, or from the surrounding circumstances, the confessions are prima facie free and voluntary and are admissible."—*Hornsby v. State,* 94 Ala. 55, 64, 10 South. 522; *Stone v. State,* 105 Ala. 60, 17 South. 114.

Tested by the above rule, the conversation had between the defendant and the officer who arrested him, in which the defendant asked the officer if the alleged accomplice made the affidavit against him, was admissible. The circumstances surrounding the parties and the conversation itself show that all of the statements made by the defendant in that conversation were freely and voluntarily made.

Neither were the objections interposed by the defendant, when on the stand as a witness, to being examined

[Williams v. The State.]

about the conversation referred to, well taken. Having voluntarily become a witness, the state had a right to examine him about such previous statements, whether such statemnts were shown to have been voluntary or not.—*Smith v. State,* 137 Ala. 28, 34 South. 396; *Kelly v. State,* 160 Ala. 48, 49 South. 535.

7. The charges requested by the defendant and which the court refused to give to the jury are, with the exception of those above discussed, patently bad, and we will not discuss them.

A careful consideration of this record convinces us that the court below, on the trial of this defendant, committed no error. The judgment of the court below is therefore affirmed.

Affirmed.

### ON APPLICATION FOR REHEARING.

1. In the case of *Peinhardt v. State,* 161 Ala. 70, 49 South. 831, to which our attention had not been called when the above opinion was written, the Supreme Court used certain language which was at least in apparent conflict with the views above expressed as to the sufficiency of the indictment in this case. As it is our duty —and our constant effort—to conform our opinions to those of the Supreme Court, we certified this question, on this application for a rehearing, to the Supreme Court for its opinion on the subject. In a careful and exhaustive opinion, the Supreme Court, through Mr. Justice Mayfield, has declared that "there is no variance in the case submitted to us by the Court of Appeals; and that an indictment charging the husband or the wife with arson of the property of the other need not allege the relationship of the parties, nor negative the fact that the property was burned without the express consent of the owner to so burn."—*Williams v. State,* 58 South. 921, present term.

2. If the appellant willfully set fire to and burned his wife's dwelling without her express consent, then he was guilty of arson because section 6301 of the Code expressly so declares. If he willfully set fire to and burned her residence without her consent—and there is absolutely nothing in this record indicating that the husband ever informed his wife of his design to thus destroy her residence—he necssarily did an act which resulted in grave injury to her property. We find nothing in this record justifying the application of the rule laid down by the Supreme Court in the case of *Heard v. State*, 81 Ala. 55, 1 South. 640, which was a case in which the defendant, under the direction of the owner of the property, burned the property in order that such owner might get the insurance money thereon.

We have given this application for a rehearing careful consideration, but we can see no reason why it should be granted. The application for a rehearing is therefore overruled.

Application for rehearing overruled.