# Williams *v.* The State.

## *Arson.*

(Decided February 6, 1912. Rehearing denied May 14, 1912.
58 South. 921.)

1. *Arson; Ownership of Property.*—At common law arson was an offense against the right of possession at the time it was committed; hence, it was essential that the ownership of the property burned be alleged to be in some person other than defendant, though it was not necessary that the ownership be in fee or in reversion.

2. *Same; Elements; Building.*—At common law it was not arson to burn any building other than a dwelling.

3. *Same.*—At common law arson was a crime against the security of the dwelling house as such, and not against it as property; hence, if the occupants are in possession rightfully and burns the house, they cannot, in a legal sense, be guilty of burning the dwelling of another as he burns his own dwelling.

4. *Same; Indictment; Variance.*—Section 6301, Code 1907, did not create a new offense, but merely took away the defenses which were theretofore available where the property was burned by a husband or wife, or by a tenant lawfully in possession; hence, an indictment in Code form that defendant willfully set fire to and burned an uninhabited dwelling house belonging to another, was sustained by proof that the house burned was in fact the house of defendant's wife.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Jim Williams was convicted of arson and appealed to the Court of Appeals, who certified the question as to variance between the indictment and the proof to this court.

For opinion in the Court of Appeals, see *Williams v. State,* 4 Ala. App. 92; 58 South. 925.

KNOX, ACKER, DIXON & STERNE, for appellant. The ownership of the house must be alleged and proved as laid.—*Marker v. State,* 26 Ala. 72; *Graham v. State,* 40 Ala. 659; *Smoke v. State,* 87 Ala. 142; *Thomas v. State,*

116 Ala. 461. It is not arson for an owner to burn his own house.—*Sullivan v. State,* 5 Stew. 175. The husband may burn the wife's house.—1 Moody C. C. 182; 26 Mich. 106. It is not an offense for a tenant to burn the house occupied by him, although it is the property of his landlord.—*State v. Young,* 139 Ala. 136. The offense is against the possession, and the ownership may be laid in the person having the possession.—*Davis v. State,* 52 Ala. 357; *Adams v. State,* 62 Ala. 197. In order to convict a husband for burning a wife's property, he must be proceeded against under section 6301, Code 1907, and not under the general statutes against arson, and the indictment must charge the absence of consent.—*Clark v. State,* 19 Ala. 552; *Bellinger v. State,* 92 Ala. 86; *Blackmon v. State,* 98 Ala. 77.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. A deficiency in an indictment may be waived, and in the absence of a demurrer pointing out the defect will be considered waived, and cannot be raised for the first time on appeal.—*Welsh v. State,* 96 Ala. 92; *Wills v. State,* 88 Ala. 239; *Thomas v. State,* 150 Ala. 31. The evidence was sufficient to be submitted to the jury who was to determine its sufficiency to support the charge.—*Davis v. State,* 52 Ala. 357; *Adams v. State,* 62 Ala. 177; *May v. State,* 85 Ala. 14; *Hannigan v. State,* 131 Ala. 29.

MAYFIELD, J.—The Court of Appeals has certified to the Supreme Court the following questions of law, for its decision, under the proviso of section 2 of the act creating said Court of Appeals (Laws 1911, p. 96); such questions of law being thus presented in the certificate: "In the above-entitled cause, the judges of this court being unable to reach a unanimous conclusion

or decision, the undersigned judges of said court, pursuant to the provision of the statutes in such cases made and provided, hereby certify to the Supreme Court of Alabama the following questions of law, as to which the undersigned judges differ: First. The appellant was indicted for the offense of arson in the second degree. The indictment was in the following language: 'The State of Alabama, Calhoun County, City Court of Anniston, September Term, 1910. The grand jury of said county charge that before the finding of this indictment James Williams, alias Jim Williams, willfully set fire to or burned an uninhabited dwelling house of Mrs. J. E. Williams, whose Christian name is to the grand jury otherwise unknown, in which there was at the time no human being, against the peace and dignity of the state of Alabama. W. C. Tunstall, Jr., Solicitor. A true bill. C. F. Wilson, Foreman Grand Jury. Filed in open court on the 20th day of September, 1910. A. H. Shepperd, Clerk.' There was evidence tending to show that the appellant willfully set fire to and burned an uninhabited dwelling house of Mrs. J. E. Williams under such circumstances as constitued arson in the second degree. The evidence, however, disclosed that Mrs. J. E. Williams was the wife of the appellant at the time of the commission of the alleged offense. Section 6301 of the Code of 1907 provides that 'any person who willfully sets fire to or burns the property of his wife or her husband, or of his landlord, without the express consent of the owner to so burn such property, shall be guilty of arson in the same manner and in the same degree as if the relation of husband and wife or landlord and tenant did not exist.' Form 9 under section 7161 of the Code provides a form of indictment for arson in the second degree. Was there a variance in this point between the allegations and the proof un-

der the facts as we have above stated them? Second.
If section 6301 of the Code creates a new offense, is it
necessary for an indictment charging the husband or
the wife with the offense of arson as to the property of
the other to allege the relationship of the parties, and
that the property was set fire to or burned without the
express consent of the owner to so burn such property?".

At common law it was necessary that the ownership
of the property burned be alleged to be in some person
other than the defendant. It was not then necessary,
however, that the ownership be in fee or in reversion. It
was the right of possession, *suo jure,* at the time of the
offense, which constituted the ownership required by
the common law. The crime at common law could there-
fore be committed by one who was the owner of the re-
version, if not in possession; and, on the other hand, the
tenant or lessee in possession was not guilty of arson if
he burned the dwelling of which he was in the posses-
sion.—3 Green. Ev. § 54.

At common law it was not arson to burn any other
building than a dwelling.

" 'The offense was a crime against the security of the
dwelling house as such, and not against the dwelling as
property. In case where the ownership is in one and the
occupancy in another, the indictment properly avers
that the dwelling house belongs to the latter. If the
occupant is in possession rightfully, and burns the
house, he cannot in legal sense be guilty of burning the
dwelling of another; he burns his own dwelling house.'
—*State v. Hannett,* 54 Vt. 83, 86."—I Words & Phrases,
509.

"If the landlord of reversioner sets fire to his own
house, of which another is in possession under the lease,
etc., it is arson, for during the lease the house is the
property of the tenant.—*Harris' Case,* Foster, 113; 4

Bl. Comm. 222; Roscoe's Crim. Ev. 199. So if it is in the possession of a copyholder.—*Spaulding's Case*, 1 East, P. C. 1025; 1 Leach, Cr. Law, 218. The principle of the rule is that it was for the protection of the person in the actual and immediate possession of the house. The offense is against the possession of another.— *Breeme's Case*, 1 Leach. 220; 2 East, P. C. 1026; *Peddey's Case*, 1 Leach, 235; 1 Hale, P. C. 567, note; 3 Chitty, Chim. Law, 1106. And the court will not inquire into the estate or interest which such person has in the house burned. It is enough that it was his actual dwelling at the time.—*People v. Van Barcum*, 2 Johns. (N. Y.) 105; *State v. Roe*, 12 Vt. 93; *State v. Fish*, 27 N. J. Law, 323, 324."—1 Words & Phrases, 509.

In the case of *Snyder v. People*, 26 Mich. 111, 12 Am. Rep. 302, it is said: "If therefore the husband shall be guilty of the great wrong to his wife and family of setting fire to the house they inhabit, he is no more guilty of arson in so doing than the wife was at the common law for a like wrong to the dwelling house of the husband. The case is a very proper one for a penal statute, but none has yet been enacted to meet it. The house, in legal contemplation, as regards the offense under consideration, is the dwelling house of the husband himself. But, in so holding, we do not decide that if the family relation is broken up in fact, and the husband and wife are living apart from each other, whether under articles of separation or not, the same exemption from criminal liability can exist. There is much reason for holding that the wife's dwelling house can be considered that of the husband only while he makes it such in fact, and that there is no such legal identity as can preclude her house being considered, in legal *proceedings against him,* as the dwelling of 'another,' when it is no longer his abode."

English and American statutes have wrought many changes in the common-law offense of arson. Many of the changes. it is unnecessary now to notice, but we will here treat of some of them.

Many of the states by statutes have made it an offense to burn one's own dwelling, if with the intent to injure or defraud the insurer thereof. We have such a statute in section 6300 of the Code. This statute was construed in the case of *Heard v. State,* 81 Ala. 55, 1 South. 640. This statute was in that case correctly held to constitute a different offense from common-law arson, and from the statutory offense of arson in the second degree; the court saying: "The section declares an offense separate and distinct from arson as designated in the three sections immediately preceding. * * * The indictment therefore required different allegations and different proof."

As was said by the Supreme Court of Indiana in the case of *Garrett v. State,* 109 Ind. 527, 10 N. E. 570, whatever may have been the rules of law and pleadings at common law as to arson, our statutes have wrought a radical change both as to the substantive law and procedure.

We now have statutes defining arson or declaring what acts shall constitute arson, and dividing the offense into three grades, first, second, and third, and fixing different punishment as for each. Prior to the Code of 1907, a husband or wife, or a tenant, could not be convicted of arson if it appeared that he was in the actual posssesion of the property burned, at the time of the offense, as husband, wife, or tenant, though the ownership, such as fee or reversion, was in the wife, husband, or landlord, respectively, as laid in the indictment. To meet this condition, section 6301 of the Code now provides: "Any person who willfully sets fire to

or burns the property of his wife or her husband, or of his landlord, without the express consent of the owner to so burn such property, shall be guilty of arson in the same manner and to the same degree, and shall be punished in the same manner and in the same degree as if the relation of husband and wife or landlord and tenant did not exist."

In the case of *Peinhardt v. State,* 161 Ala. 70-73, 49 South. 831, it was said that "this section makes arson of that which was not arson before and thus creates a new offense." In that case the defendant was indicted for arson in the first degree, for burning a store-house of Max Schmidt which adjoined the dwelling house of Al Richter, in which there was, at the time, a human being. On further consideration of the questions involved in the above case, we are of the opinion that the decision is wrong and should be overruled. We are now of the opinion that it was the habitation of the dwelling of Al Richter which the indictment alleged was offended against in that case, and not the possession or possessory right of the store which was burned. If so, there was no variance, or failure of proof in that case. A man may be guilty of arson under section 6295 of the Code, if he burns his own house which adjoins the dwelling house of another. Under this clause of the statute, under which the indictment in that case was drawn, it is the habitation of the dwelling which is protected, rather than the possession of the adjoining house burned.

We do not now think that section 6301 of the Code creates any new offense, but that it merely takes away the defenses which were theretofore availing in trials for arson.

It is very true that the effect of the statute in the instances mentioned is to make arson an offense against

the property and ownership, as well as against the habitation and possession. It creates no new offense, however. It merely in the cases or instances named in the statute puts the property itself, and the ownership, as well as the habitation and possession, within the protection of the statutes as to arson.

An indictment in the Code form is, we think, sufficient to support the conviction of a husband or a wife who burns the property of the other, and need not negative the consent of the owner, nor mention the relationship between the owner and the defendant.

The statutes of Indiana as to husband and wife and as to arson are very similar to, though not identical with ours; and, in a case where the husband had burned the dwelling of his wife, the Supreme Court of that state said: "It is manifest, from this statutory definition of the offense charged against the appellant, that the question of the occupancy of the dwelling house, burned and destroyed, was an immaterial question, and that it was therefore wholly unnecessary to charge in the indictment who was the occupant of such dwelling house. It was necessary, however, under the statute, that the indictment should show, as it did, that the dwelling house burned was the property of another person than the defendant, and should give, as it did, the name of such other person.—*Ritchey v. State*, 7 Blackf. (Ind.) 168; *Wolf v. State*, 53 Ind. 30. In the case under consideration, it was averred in the indictment, as we have seen, that the dwelling house burned by appellant, as charged was 'the property of another person, to wit, Hannah Garrett.' On the trial of this cause, it was shown by the evidence that Hannah Garrett, the person named in the indictment as the owner of the dwelling house burned, was the wife of the appellant, William H. Garrett, and that he and his wife, Hannah,

occupied, used, and dwelt in such house, as their habitation and dwelling house. Upon this evidence and the facts shown thereby, appellant's counsel have predicated what they denominate as 'the main question in this case,' namely: Under our statute, the substance of which we have heretofore quoted, was the appellant guilty of arson, in setting fire to and burning, as he did, the dwelling house, as charged in the indictment? At common law, arson is an offense against the possession, and, under that law, appellant could not be guilty of arson, in setting fire to and burning the dwelling house while he was in lawful possession thereof, without reference or regard to the ownership of such property.—*McNeal v. Woods*, 3 Blackf. (Ind.) 485; *State v. Wolfenberger*, 20 Ind. 242; 3 Greenl. Ev. §§ 53, 54, and notes."—*Garrett v. State*, 109 Ind. 529, 530, 10 N. E. 572.

"Arson, as defined in our statute, is an offense against the property, as well as the possession; and the question of occupancy or non-occupancy, habitation or non-habitation, of or in the property, as we have seen, becomes and is an immaterial question, in view of the statutory definition of the offense. It is the law of this state, we think, that if a man unlawfully, feloniously, willfully, and maliciously sets fire to and burns the dwelling house of his wife, wherein she permits him to live with her as her husband, he is guilty of the crime of arson, as such crime is defined in our statute."—*Garrett v. State*, 109 Ind. 531, 532, 10 N. E. 572.

That section 6301 creates no new offense, but merely takes away a defense, is supported, in part, by the case of *Heard v. State*, 81 Ala. 55, 1 South. 640. In that case the defendant was indicted for burning the house of one Walker. The defendant admitted the burning, but claimed that he did it at the instance of Walker,

the alleged owner. The court held that this was a defense.

Suppose a statute should declare that a person who burns the property of another, with the consent of such other, shall be guilty of arson, just as if he had not had the consent; it would create no new offense, but would take away a defense.

The court of New Hampshire has held that the statutes of that state, which are not so sweeping as ours, have wrought this change in the common law, even so as to make it arson for a man to burn his own dwelling. In the case of *State v. Hurd,* 51 N. H. 176, the headnote is as follows: "Under Gen. Stat. c. 262, § 1, which imposes a penalty upon any person who 'shall willfully and maliciously burn any dwelling house,' an indictment is good which charges the defendant with feloniously, willfully, and maliciously burning his own dwelling house." And in the opinion it is said: "A man may maliciously beat his own horse (*State v. Avery,* 44 N. H. 392), and he may maliciously burn his own dwelling. If he burns it for the purpose of destroying the home and lives of his wife and children, when they happen without his knowledge to be absent, the burning may be malicious; and there may be malice in other cases. The Legislature might well have intended to provide for such cases, and to remedy a defect of the common law, which has been cured by statute in England. The omission of the terms 'arson' and 'of the property of another,' in the body of the statute, may well be taken as an intentional remedy of that defect, making section 1 to include not merely common-law arson, but something more."

It therefore follows that there is no variance in the case submitted to us by the Court of Appeals; that section 6301 of the Code creates no new offense; and that

an indictment charging the husband or the wife with arson of the property of the other need not allege the relationship of the parties, nor negative the fact that .the property was burned without the express consent of the owner to so burn. All the Justices concur in the conclusion; but those other than the writer do not think that this case involves the matter of decision in the *Peinhardt Case,* 161 Ala. 70, 49 South. 831, nor what is there said as to section 6301 not creating a new offense.

