(104 So. 913)

## HIGDON v. STATE. (8 Div. 281.)

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied June 9, 1925.)

1. **Criminal law ☞586, 1151—Granting continuance is within discretion of trial judge, whose action will not be reviewed unless clearly abused.**

Granting continuance is largely in discretion of trial judge, whose action thereon will not be reviewed unless there is a clear abuse of discretion.

2. **Criminal law ☞918(10, 11)—Objection that venire was irregularly drawn cannot be first raised by motion for new trial, if defendant knew or could have known of irregularities.**

Defendant cannot raise question of irregular drawing of venire for first time by motion for new trial, if he or his counsel knew, or by exercise of diligence could have ascertained before trial, that venire was irregularly drawn.

3. **Criminal law ☞918(3)—On motion for new trial it must be alleged and proved that defendant did not know that venire was irregularly drawn.**

On motion for new trial, on ground that venire was irregularly drawn, it must be alleged and proved that defendant did not know, or by diligence could not have ascertained before trial, that venire was so drawn.

4. **Criminal law ☞918(3)—On motion for new trial, fraud in drawing and summoning jurors must be alleged and proved.**

On motion for new trial, on ground that venire was irregularly drawn, it is necessary

that fraud in drawing or summoning jurors must be alleged and proved, in view of Code 1923, § 8637, providing that no objection can be taken to venire except for fraud in drawing and summoning jurors.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

David A. Higdon was convicted of manufacturing whisky, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Higdon, 104 So. 914.

Proctor & Snodgrass, of Scottsboro, for appellant.

For failure of defendant's witnesses to appear a continuance, should have been ordered. Bush v. State, 168 Ala. 82, 53 So. 266. A man charged with crime has a right to expect a trial by a legal and impartial jury, drawn in accordance with law. Johnson v. State, 102 Ala. 13, 16 So. 99; Edgar v. State, 183 Ala. 36, 62 So. 800; Zininam v. State, 186 Ala. 11, 65 So. 56; Finnett v. State, 12 Ala. App. 237, 67 So. 768. Defendant will not be held to have waived objection, since he did not know of the facts upon which it rests when the jury were impaneled. 16 R. C. L. 288; Mayo v. State, 15 Ala. App. 304, 73 So. 141; Bailey v. State, 172 Ala. 423, 55 So. 601; Jewell v. Jewell, 84 Me. 304, 24 A. 858, 18 L. R. A. 473.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in denying motion for a continuance. Lumpkin v. State, 19 Ala. App. 272, 97 So. 171. The question as to venire was not properly raised by motion for new trial. Wadsworth v. State, 18 Ala. App. 352, 92 So. 245; Hamilton v. State, 17 Ala. App. 109, 83 So. 557; 1 Mayfield's Dig. 538, 546.

SAMFORD, J. [1] Counsel for appellant now make the insistence that defendant was forced to trial in the absence of his witnesses, for whom subpœnas had been issued and executed. The granting of continuances in criminal cases is largely in the discretion of the trial judge, whose action in this regard will not be reviewed unless there is a clear abuse of discretion. Lumpkin v. State, 19 Ala. App. 272, 97 So. 171.

[2] It is next insisted that this judgment should be reversed, because the trial court refused to grant a new trial on grounds alleging certain irregularities in the drawing of the venire for the week of the term in which defendant was tried, and from which was selected the jury to try defendant.

No allegation is made that the facts set up in the grounds for the motion were not known to defendant before he went to trial, and no facts are proven in support of the

motion that such was the case, or that he could not have known the true facts by due diligence. If the defendant or his attorney knew about the matter of drawing the jury, or, by the exercise of due diligence, could have ascertained the facts, he cannot for the first time, raise the question by motion for a new trial. Wadsworth v. State, 18 Ala. App. 352, 92 So. 245.

[3, 4] If defendant did not know the facts, and could not by due diligence have ascertained them, the motion for new trial on that ground would require allegation and proof; neither of which was done in this case. Hamilton v. State, 17 Ala. App. 109, 82 So. 557; 1 Mayfield Dig. pp. 538, 546. Moreover, under section 8637 of the Code of 1923, "no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors." There is no such allegation' or proof in support of this motion.

We find no error in the' record, and the judgment is affirmed.

Affirmed.