142 So. 592

**MORRIS v. STATE.**

8 Div. 329.

Court of Appeals of Alabama.

March 22, 1932.

Rehearing Granted June 7, 1932.

W. H. Long and T. C. Almon, both of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

### SAMFORD, J.

The indictment in this case was returned at a special term of the circuit court of Lawrence county on January 20, 1931, called for the purpose of investigating the particular crime of which defendant and another are charged; the defendant received notice of the indictment January 22, 1931, at which time he made bond for his appearance in the sum of $2,000; about 2 o'clock p. m. of the following day defendant was rearrested and kept in jail at Moulton, Ala., until 2 p. m. January 24, 1931, and his case was set for trial January 26th, and the trial was had on January 27th; many of defendant's witnesses live in Morgan county, which is also the residence of defendant. Defendant moved the court for a continuance setting up the above facts and alleging that he had not sufficient time to prepare his defense. The motion was overruled, and defendant excepted.

Assuming the above facts to be true, there appears no abuse of the discretion resting in the trial judge in whom is lodged a discretion in the granting of continuances, not to be reviewed except in cases of abuse, which must clearly appear. Higdon v. State, 20 Ala. App. 649, 104 So. 913; Ex parte Higdon, 213 Ala. 418, 104 So. 914.

The defendant objected to being put to trial, for the reason that several of the veniremen drawn and summoned as jurors for the special term of the court at which defendant was to be tried were residents of Town Creek, the village in which was located the building alleged to have been burned. There is no allegation or proof that these jurors were otherwise disqualified. The ruling of the court on this objection was free from error.

Mrs. Edna Taylor, the telephone operator at Town Creek, was allowed to testify to two telephone conversations between defendant and Henry Ward Holland, the party who was jointly indicted with defendant, one of which took place on December 17th and the other on December 19th, which latter was the day of the fire. There was sufficient evidence tending to prove that defendant was the party being talked with by his codefendant to make these conversations admissible, and the conversations testified to were admissible as circumstances tending to show a prearrangement between the parties for defendant to do some act, and the whole was a circumstance to be weighed by the jury along with all the evidence in the case, for them to determine whether in the fact proven there was some natural, necessary, or logical connection between it and the inference or result which it was designed to establish. 8 R. C. L. p. 180, par. 172.

The contention of the state is that this defendant had a piano and a number of Victrolas which he had stored in different places in Decatur, Ala.; that he employed Holland, his codefendant, to concentrate these instruments at Town Creek and, when they were placed there and insured to their full value, to burn them up, that defendant might collect the insurance on them. Making this proof it was relevant to show where the instruments were stored in Decatur: their condition; their value, etc.; that defendant contracted for the rent of the house at Town Creek for one month, and immediately began negotiating for fire insurance, far in excess of the value of the property insured; and that he did insure the property for an amount in excess of its value, paying a rate of $10 per $100 of insurance.

Over objection and exception of defendant, the state was allowed to prove by the judge of probate of Lawrence county that his office had received a mortgage for record either from Morris Drug Company or this defendant, describing a large number of musical instruments, and purporting to be signed by Ward Holland, and that the mortgage had been withdrawn before same had been recorded. What the purpose of this

evidence is we do not know, but, whatever it is, the mortgage and its contents were not sufficiently identified to make it relevant as evidence. However, in view of the admitted interest of both Morris and Holland in the property destroyed, we can see no injury to this defendant by and on account of the court's ruling on this question.

Exception is reserved by defendant to the admission or statement made by him to W. F. Holland in defendant's store in Decatur on January 19th after the fire. It is true that the formal predicate was not laid to the witness W. F. Holland as a preliminary to his testimony of the conversation between him and defendant. But the facts and circumstances surrounding the parties at the time show that no improper influences induced the statement. Where this appears from the evidence, the statements of a defendant, though against interest, are prima facie voluntary and admissible. Williams v. State, 4 Ala. App. 92, 58 So. 925; Id., 177 Ala. 34, 58 So. 921, Ann. Cas. 1915A, 584.

Henry Ward Holland, a witness for the state, is the person who actually set fire to the house charged to have been burned. This witness is not only an accomplice, but is a man of bad character, unworthy of belief, and a self-confessed perjurer. His testimony must be dealt with in view of the foregoing facts, and the law would not permit a conviction to stand upon his uncorroborated testimony. But, where there is substantial corroboration, it is for the jury to say whether his testimony is true or false. In this particular case Holland is corroborated by the testimony of his father, W. F. Holland, and that of the telephone operator at Town Creek, touching a telephone conversation between defendant and Holland on December 17th and December 19th, wherein Holland talked with defendant in a prearranged code. In addition to the foregoing, there are many facts and circumstances tending to cast suspicion on defendant regarding this fire; for instance: Defendant had been engaged in the sale of musical instruments in Decatur; he closed this business in 1929, evidently because it was unprofitable; he had a large number of these instruments, both new and secondhand, left on his hands; these he had stored in his garage and other places in Decatur; at this time he had no insurance on the instruments; in December, 1930, he had Holland, a man of notoriously bad character, to rent a wooden building in a small village twenty-five miles away, for one month; he had, himself, never been to the town; he delivered possession of these instruments to this man Holland, giving him entire control over them and the rented store; he never went to the place but once, but immediately he began to be diligent in the procurement of fire insurance, payable to himself, at the unusual rate of 10 per cent. premium; according to the testimony of several state witnesses, the amount of insurance procured was largely in excess of the value of the property destroyed. These facts, while insufficient in themselves to fasten guilt upon defendant, point with unerring directness to defendant, and none other, as the one person who would be financially benefited by the fire. There was sufficient evidence that the fire was of incendiary origin to admit the testimony of Holland, who confessed the burning, and the foregoing recited facts were sufficient corroboration upon which to base a verdict of guilt as against this defendant. The corroboration required by section 5635 of the Code of 1923 must be of some fact which will strengthen the testimony of the accomplice, and this is accomplished in this case by the proof of the facts above related. Segars v. State, 19 Ala. App. 407, 97 So. 747; Malachi v. State, 89 Ala. 134, 8 So. 104.

Under the facts in this case, refused charge A was misleading, and was properly refused. The principle involved in the charge was fully covered by the court in its oral charge.

The photograph, identified as the picture of the place where the building was burned, was relevant as tending to show that the building was burned, and, while this was merely cumulative evidence, that fact did not render it incompetent.

Count 1 of the indictment follows the form laid down in the Code, § 3290, and is not subject to the grounds of demurrer assigned.

The testimony of Mrs. Taylor is objected to on the ground that, by act of the Legislature 1915, p. 321, § 1, operators or employees of any telephone or telegraph lines operated in the state of Alabama are forbidden to communicate any message sent or received over said lines, without the consent of the sender or receiver. We express no opinion as to what effect this statute might have in civil matters, but we do hold that it has no application to the investigation of crime, by and through the agency of the courts.

Other rulings of the court on the admission of testimony were either free from error or the rulings were without injury to the defendant's cause.

On the question of the ruling of the trial court in overruling defendant's motion, we here refer specifically to the very excellent analysis made by the trial judge in his written opinion filed with his judgment on the motion. The statement of the law in his opinion is correct, his reasoning is sound, and, when we give to his judgment the presumption of correctness to which it is entitled, under the law, his ruling on the motion must be held to be without error.

Finding no error in the record, the judgment is affirmed.

Affirmed.

### On Rehearing.

In the original opinion in this case we held 'that there was sufficient evidence tending to prove that the defendant was the party being talked to by his codefendant to make the conversations admissible, as against the objection that the testimony of the long-distance operator who listened in on the conversations was hearsay. This evidence did not rest alone on the testimony of Mrs. Taylor, the operator. She knew and could testify that Holland, the codefendant, was at her end of the line; she heard and could testify as to what he said to somebody at the other end of the line who answered to the call for defendant, from defendant's phone in Decatur; she could and did testify that to the best of her knowledge the same party who talked on the 17th talked again with Holland on the 19th. The published directory for Decatur showed defendant's number to be 8; that was the number called for by Mrs. Taylor both on the 17th and 19th. Derendant admitted to W. F. Holland that he had talked to codefendant Holland over the phone on the 19th. No. 8 telephone was located in defendant's store, and he and a boy by the name of Ivans testified that defendant was in his store all of the afternoon and night of the 19th until 10 o'clock at night. Brasher, a witness for defendant, testified to a long-distance message from Holland on the 19th, coming to defendant's phone from Town Creek, but this witness said defendant was out and that he (Brasher) did the talking. Ward Holland, the codefendant, testified to both telephone conversations with defendant, but of course, his testimony in this particular must be corroborated. That is done by defendant's admission to W. F. Holland that he had talked with Ward Holland on the 19th and the testimony of Brasher that Ward talked to defendant's phone on the 19th and by the testimony of Mrs. Taylor that Ward Holland called over long distance on the 17th and 19th on reverse calls, which were accepted by the party at Decatur answering to the name of defendant. The question of the identity of defendant at the Decatur end of the line was for the jury. There being evidence tending to prove that the defendant was at the Decatur end of the line in conversation with his codefendant, Ward Holland, on December 17th and 19th, the evidence of the conversation was admissible. Kirby v. State, 16 Ala. App. 467, 79 So. 141.

Complaint is made that the court in the original opinion did not discuss the testimony of Mrs. Ward Holland; it being claimed that she was allowed to testify to incriminatory statements made to her by defendant without a proper predicate having been laid to show that such statements were voluntary.

The facts and circumstances surrounding the conversation between Mrs. Ward Holland and defendant tend to show that she went to defendant's drug store; that they talked about Ward Holland and his arrest; that defendant said he would do all he could to get him (Ward) out; that he ought to because Ward had been working for defendant. "He said he would spend everything he had to get him out. He said he would hire lawyers to get him out." The conversation proceeded in the most friendly manner, and the evidence indicates nothing but confidence between the two. There is not the slightest evidence of force, duress, or coercion. Confessions and admissions in the nature of confessions, to be admissible, must be voluntary, and that they were voluntary must appear. This is usually shown by an examination of the witness on voir dire, as to promises, threats, etc. Where, however, the facts and circumstances under which they were made affirmatively show that there were no improper influences proceeding from the person, or from the surrounding circumstances, the confessions or admissions are prima facie voluntary, and are admissible. Williams v. State, 4 Ala. App. 92, 58 So. 925; Hornsby v. State, 94 Ala. 55, 10 So. 522; Stone v. State, 105 Ala. 60, 17 So. 114; Fincher v. State, 211 Ala. 388, 100 So. 657; Patton v. State, 197 Ala. 180, 72 So. 401.

It is insisted that the witness Harbin should not have been allowed to testify as to the value of the stock of musical instruments destroyed in the fire. This witness testified that he inspected the stock before the fire, and that he knew its approximate value, and that he had experience in inspecting such property for the purpose of writing insurance contracts. This witness was competent to testify as to the value of the stock.

The indictment is substantially in the form prescribed in Act of Legislature 1927, p. 552 et seq., and is sufficient.

However, the court is of the opinion, after reading and considering the entire record en banc, that the defendant's motion for a new trial should have been granted on the fourteenth ground of said motion. The law contemplates that every citizen charged with crime shall have a speedy trial, but without such undue haste as will force a trial without a reasonable time for preparation. Under the facts of this case, including the circumstances surrounding the trial, this court feels and so holds that the defendant has not received such a trial as is contemplated by the Constitution. Milligan v. State, 208 Ala. 223, 94 So. 169. For the error of the trial court in refusing the motion for a new trial on the fourteenth ground, the judg-

ment of affirmance is set aside, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.